In re JACK GREEN'S FASHIONS FOR MEN—BIG AND TALL, INC., Bankrupt.

Michael H. BERMAN, Trustee, Appellee,

v.

John F. B. GREEN, John F. Green, Beatrice M. Green and Judith A. Green, Appellants.

No. 78–1791.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1979.

Decided April 25, 1979.

Rehearing Denied May 16, 1979.

Jack N. Bohm, Stoup & Bohm, Kansas City, Mo., for appellants.

Michael H. Berman, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for appellee.

Before ROSS, STEPHENSON and HEN-LEY, Circuit Judges.

HENLEY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Missouri ordering a marshaling of assets in bankruptcy litigation involving a corporate and two individual bankrupts, a secured creditor, and general creditors of the corporate bankrupt whose interests are represented by the trustee in bankruptcy.

The corporate bankrupt is Jack Green's Fashions for Men—Big and Tall, Inc.; controlling stockholders in the corporation were John F. B. Green and John F. Green, who are the individual bankrupts involved in the litigation. Both of the Greens are married men; the wife or neither has ever been adjudicated a bankrupt. The secured creditor in the case is Centennial Bank & Trust of Mission, Kansas, hereinafter referred to as the Bank. At the time of the bankruptcies in 1977 the Bank held a lien on the business assets of the corporation and an additional lien on three parcels of real estate in Jackson County, Missouri which were owned by the Messrs. Green and their respective wives as tenants by the entirety. The lien on the real estate was evidenced by a deed of trust signed by both of the male Greens and their wives.

There is no dispute about the facts of the case. The corporate bankrupt was organized originally as a partnership and was engaged in the retail clothing business. The partners were the Green men who have been mentioned, and John R. Baker, who is not involved in this litigation.

Soon after the partnership was formed, it borrowed $60,000.00 from the Bank which

loan was secured by liens on the business assets of the partnership and on the Green real estate in Jackson County. Later, that loan was increased to $75,000.00 with the proceeds being used in part to retire the original loan. The Bank had the same security with respect to the second loan that it had with respect to the first one.

In 1976 the partnership was succeeded in existence by the corporation that has been mentioned. At this stage the third partner, Baker, may have passed out of the picture. The corporation took over the business of the partnership, acquired title to its assets, and assumed its obligations, including the debt to the Bank. That debt was secured, as before, by liens on the business assets of the corporation and on the real estate of the Greens.

In 1977 voluntary petitions in bankruptcy were filed by the corporation and by John F. B. Green and John F. Green. Adjudications duly followed. At the time of the adjudications the debt to the Bank was still outstanding, and the corporate bankrupt obviously had unsecured general creditors who had supplied goods or services on credit. It appears that neither of the Greens has received a discharge in bankruptcy.

In due course Michael H. Berman was named trustee of all three of the bankrupt estates. Under order of the bankruptcy judge, Mr. Berman liquidated the business assets of the corporation and realized from the liquidation about $28,000.00. The balance due the Bank at that time was around $65,000.00, and the value of the real estate subject to the lien of the Bank was about $135,000.00.

The Bank filed a secured claim for the amount of its debt, and it is obvious that if that claim is satisfied in part out of the assets of the corporate bankrupt, the general creditors of the corporation will get nothing.

In the situation that existed the trustee filed an application with the bankruptcy court for an order requiring a marshaling of assets which would require the Bank to proceed against the parcels of real estate that have been mentioned before proceeding against the business assets of the corporation.

That application was opposed by the Greens and their wives. The record before us does not indicate that the application was opposed by the Bank. The bankruptcy judge, The Honorable Frank P. Barker, granted the petition. He dismissed the claim of the Bank in the bankruptcy proceedings and directed that the Bank proceed against the real estate that has been mentioned. However, the dismissal of the claim in bankruptcy was without prejudice to renewal should the Bank be unable to obtain satisfaction of its claim from its real estate security. The Greens, husbands and wives, appealed to the district judge, The Honorable Russell G. Clark, who in due course filed a full but unpublished memorandum sustaining the holding of the bankruptcy judge. All four Greens have appealed to this court; the Bank has not appealed.

■ We affirm the ruling of the district court and do so largely on the basis of Judge Clark's well reasoned opinion.

We first reject appellants' contentions based on § 5 of the Bankruptcy Act, 11 U.S.C. § 23, which deals with partnership bankruptcies. As the district court pointed out, that section is simply not applicable to this case. While the debt to the Bank was originally contracted as a debt of the old partnership, it became a corporate debt when the corporation was formed and assumed the debts of the partnership.

The bankruptcy judge and the district judge ordered marshaling in this case by reference to general principles of equity. Insofar as here pertinent the doctrine of marshaling of assets may be summarized as follows.

■ If a senior lienor has a lien that extends to and covers two funds or potential funds, and if a junior lienor has recourse to only one of the those funds to satisfy the debt due to him, the senior lienor may be required to exhaust the fund available to him exclusively before proceeding against the fund that is also available to

the junior lienor. *Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963).

■ Federal courts of bankruptcy are courts of equity and may apply the doctrine of marshaling in proper cases. *Caplinger v. Patty,* 398 F.2d 471, 474 (8th Cir. 1968), and cases cited. In this case it would be in the highest degree inequitable to allow the Bank to exhaust the business assets of the corporate bankrupt without first looking to the real estate mortgaged to it. To permit such a course would leave the general creditors of the business with nothing.

■ Appellants call attention to the fact that the Supreme Court in *Meyer, supra,* recognized that assets are not available in a marshaling process if they are exempt under state law from seizure in satisfaction of the senior creditor's claim. And appellants rely on the Missouri rule of law that a creditor holding a lien on real estate owned by a husband and wife as tenants by the entirety cannot foreclose his lien if one of the spouses has obtained a discharge in bankruptcy even though both of the spouses may have been parties to the obligation. *Farmington Prod. Credit Ass'n v. Estes,* 504 S.W.2d 149 (Mo.App.1974), *citing and following Wharton v. Citizens Bank of Bosworth,* 223 Mo.App. 236, 15 S.W.2d 860 (1929); *see also In re Magee,* 415 F.Supp. 521, 524 (W.D.Mo.1976).

We do not accept that argument. To start with, none of the bankrupts has been granted a discharge, and it is at best doubtful that the Missouri rule invoked by appellants has any application to this case, at least as of this time. In any event, under the order of the district court, the Greens may advance the contention in question in any foreclosure proceedings commenced by the Bank in the state courts, and if the contention is upheld by those courts, then the Bank will still have recourse to the funds presently in the hands of the trustee.

The order of the district court is affirmed.