FIRST NATIONAL BANK OF BELLEVILLE, Plaintiff-Appellee, *v.*
LOUISE SKIDIS *et al.*, Defendants-Appellants.

Fifth District   No. 79-123

Opinion filed March 27, 1980.

Jack A. Strellis, of Waterloo, for appellant Louise Skidis.

C. E. Heiligenstein and Brad L. Badgley, both of Belleville, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Louise Skidis, appeals from a judgment of the Circuit Court of St. Clair County in favor of First National Bank of Belleville, cross-plaintiff, in an action to foreclose a mortgage.

A note, secured by real estate mortgages, payable to the First National Bank of Belleville in the amount of $35,000 was executed on July 5, 1974, by Louise Skidis, Martha Cuker, her daughter, and William Cuker, her son-in-law. The principal and interest due on the note were to be paid in monthly installments in the amount of $452.90. The note contained the following language: "THIS LOAN IS FOR BUSINESS PURPOSES."

Two mortgages were executed in favor of the bank in order to secure the note. The first mortgage was executed by William and Martha Cuker on their residence at 211 Country Club Lane, Belleville, Illinois. The other mortgage was executed by Ms. Skidis on her own property. The bank did

not provide Ms. Skidis with a financial disclosure statement concerning the loan either during the credit transaction or subsequent to it.

The evidence established that the loan was sought for the purpose of paying the Internal Revenue Service an indebtedness of $27,619.45 arising out of the operation of a business known as the International House of Pancakes, in Belleville, which was owned by the Cukers. The record discloses that Ms. Skidis had no proprietary interest in the International House of Pancakes although she was employed there as a hostess.

On July 12, 1974, $4,101.40 was paid to a judgment creditor of Ms. Skidis so that the bank's mortgage would be the superior lien on her property which was mortgaged as part of the security on the $35,000 loan. On August 15, 1974, the bank made a disbursement of $3,279.15 to the Cukers.

Ms. Skidis contended at trial that the loan represented a consumer transaction. She maintains that as an obligor under the note she had a right to rescind the credit transaction until midnight of the third business day following the consummation of the transaction or, whichever came later, until she received the financial disclosure statement required by 15 U.S.C. §§1631, 1632 (1976). Since she had not received a disclosure statement from the bank, she argued that her right to rescind was still available. In attempting to exercise that right, she asked the trial court to order her to return the $4,101.40 which was used to extinguish the judgment lien on her property and to rule that she was no longer responsible for the entire indebtedness on the mortgage note.

The bank asserted that the transaction in question was carried out primarily for commercial purposes despite any tangential, personal benefit which may have accrued to Ms. Skidis. It further contends that as a consequence, the transaction was not subject to the provisions of the Truth in Lending Act (15 U.S.C. §1601 *et seq* (1976).) Specifically, the bank relied on section 1603(1) of the Act, which states:

"This subchapter does not apply to the following:

(1) Credit transactions involving extensions of credit for business or commercial purposes * * *."

After taking the matter under advisement, the court found the transaction to be primarily for commercial purposes, thereby exempting the bank from providing Ms. Skidis with a financial disclosure statement covering the loan and entered a decree of foreclosure in favor of the bank. We affirm.

Our review of the facts leads us to the conclusion that the loan was commercially inspired to pay a business-related debt to the Internal Revenue Service. In order to secure the loan, the bank demanded more collateral than the Cukers could provide. Therefore, it was necessary for

Ms. Skidis to pledge her property as well in their behalf. Since title to the Skidis property was subject to a prior judgment lien, it was necessary that the lien be discharged so as to provide the bank with a first lien. Thus, the personal benefit which Ms. Skidis derived from the transaction (the retirement of her judgment lien) was to facilitate the obtaining of the loan and not the purpose for which it was obtained.

The commercial nature of the transaction would place it within the purview of 15 U.S.C. §1603(1) (1976), thereby exempting the bank from presenting a financial disclosure statement to Ms. Skidis; and, consequently, she has no right to rescind the transaction pursuant to section 1635(a).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.