RAE E. LAMMERDING vs. SHAWMUT COMMUNITY BANK, N.A.

Middlesex.  February 20, 1980. — April 10, 1980.

Present: ARMSTRONG, DREBEN, & KASS, JJ.

*Truth-in-Lending Act.  Practice, Civil,* Motion to dismiss, Summary
judgment.  *Mortgage,* Real estate: foreclosure.

The plaintiff in an action to restrain a bank from foreclosing on a mort-
gage was not entitled to relief under G. L. c. 140C, the Truth-in-
Lending Act, where the loans were made for business purposes.
[552-553]

In an action to restrain a bank from foreclosing on a mortgage held by it
to secure the payment of a loan which was made to a corporation and
of which the mortgagors were guarantors, allegations in the complaint
that the bank, in violation of G. L. c. 106, § 9-504(1)(*b*), had entered
into a stipulation with the corporation's receiver in bankruptcy under
which the proceeds of an inventory foreclosure sale were to be held in
escrow and not applied against the debt owed to the bank, and that
had the proceeds been correctly applied the default in the loans would
have been cured were sufficient to state a claim under G. L. c. 106,
§ 9-507.  [553-554]

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on March 9, 1979.

The case was heard by *Ginsburg,* J., on a motion to
dismiss.

*Edward C. Donlon* for the plaintiff.

*Barry J. Walker* for the defendant.

DREBEN, J.  The plaintiff brought an action[1] to restrain
the defendant bank from foreclosing on a mortgage held by
it on the marital residence which was owned by the plaintiff
and her husband as tenants by the entirety.  The plaintiff
alleged that the mortgage was invalid because the bank had

---

[1] The action was brought in the Probate Court where the plaintiff sever-
al weeks earlier had commenced divorce proceedings against her husband.

not complied with the Truth-in-Lending Act, G. L. c. 140C. She also alleged that the bank was violating G. L. c. 106, § 9-504(1) (b), in failing to apply the proceeds of an earlier foreclosure sale against the debts owed to it and that, but for this failure, the default on the loans secured by the mortgage on her residence would have been cured. The trial judge allowed the defendant's motion to dismiss the complaint under Mass.R.Civ.P. 12(b) (6), 365 Mass. 755 (1974), for failure to state a claim. We reverse. Although the plaintiff has not made out a claim for relief grounded on the Truth-in-Lending Act, we cannot say, drawing all inferences in the plaintiff's favor, *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 87 (1979), that there can be no state of facts under which she would be entitled to relief pursuant to G. L. c. 106, § 9-507.

1. *Truth-in-Lending claim.* The documents[2] appended to the complaint and to an affidavit filed by the plaintiff in opposition to the motion to dismiss leave no doubt that the loans were made for business purposes. In these circumstances the judge did not err in refusing to allow the plaintiff to amend her complaint by deleting her characterization of the transactions as business loans. The documents speak for themselves and the amendment would not have overcome the plaintiff's statutory hurdle.

Under G. L. c. 140C, § 2(a), inserted by St. 1969, c. 517, § 1, extensions of credit "for business or commercial pur-

---

[2] The documents, which were all executed on March 17, 1976, consisted of (1) a security agreement and disclosure statement signed by the plaintiff's husband on behalf of his corporation, Regal Wallpaper Centre, Inc. (Regal), stating that Regal, the debtor, was to receive $32,000 of credit which, together with finance charges, required a repayment of $43,406.40 in monthly instalments as set forth in the statement; and (2) the following documents signed by both the plaintiff and her husband: (a) a mortgage on the marital residence and on another parcel of real estate to secure the payment of $32,000 "payable as provided in mortgage note of Regal Wallpaper Centre, Inc., on which the mortgagors herein are guarantors"; (b) an agreement guaranteeing all the liabilities of Regal "now existing or hereafter arising"; and (c) a promissory note for $43,406.40, with provisions for repayment similar to the obligations of Regal as set forth in the security agreement and disclosure statement.

poses" are not within the protective ambit of the act. The fact that the plaintiff was not involved in her husband's business venture is not relevant; what is determinative under c. 140C is the purpose of the loan. Under the equivalent provision of the "nearly identical" Federal version of the Truth-in-Lending Act, 15 U.S.C. § 1603(1) (1976) (see *Shepard* v. *Finance Assocs.*, 366 Mass. 182, 193 [1974]), it has been held that a wife cannot claim the benefit of the act for a transaction in which she guarantees a business loan of her husband secured by her residence or other property owned by her. *Poe* v. *First Natl. Bank*, 597 F.2d 895 (5th Cir. 1979). *Weingarten* v. *First Mortgage Co.*, 466 F. Supp. 349, 352 (E.D. Pa. 1979).

These cases construing the Federal statute are persuasive, and we agree with the trial judge that the plaintiff is not entitled to relief under G. L. c. 140C. However, since materials outside the complaint were brought to the judge's attention on the truth-in-lending claim and he did not exclude these materials, the motion is to be treated as one for summary judgment (Mass.R.Civ.P. 56 [b], 365 Mass. 824 [1974]). A partial summary judgment on the portion of the plaintiff's claim which is based on G. L. c. 140C should be entered. *Davidson* v. *Commonwealth*, 8 Mass. App. Ct. 541, 542 n.2 (1979).

2. *Claim under Uniform Commercial Code, G. L. c. 106, § 9-507.* The defendant bank argues that art. 9 of the Uniform Commercial Code does not apply to security interests in realty and that, as a matter of law, the plaintiff's complaint fails to state a claim on which relief can be granted; that is, the plaintiff cannot fend off a foreclosure of a mortgage of real estate by reference to a failure by the bank to follow the Uniform Commercial Code. What the bank overlooks, however, is that the alleged wrong related not to realty but to a prior foreclosure sale of the inventory of Regal. The plaintiff claimed that the bank, in violation of G. L. c. 106, § 9-504(1) (*b*), had entered into a stipulation with the receiver in bankruptcy of Regal under which the proceeds of the inventory foreclosure sale were to be held in

escrow and not applied against the debt owed to the bank; and that had the proceeds been correctly applied the default in the loans would have been cured, and the foreclosure on the plaintiff's home would have been unwarranted. If the plaintiff can establish either (1) that the bank wrongfully failed to apply the proceeds of sale to the satisfaction of the indebtedness owed to the bank, see *First Union Natl. Bank v. Tectamar, Inc.,* 33 N.C. App. 604, 606-607 (1977); see also *King* v. *State Mut. Fire Ins. Co.,* 7 Cush. 1, 5-7 (1851); *Wiggin* v. *Heywood,* 118 Mass. 514, 516 (1875); *Eastern Restaurant Equip. Co.* v. *Tecci,* 347 Mass. 148, 154 (1964); cf. *Mason* v. *Hull,* 55 Ohio St. 256, 274 (1896); or (2) that the bank had already sold enough collateral to cover the debt then due and unnecessarily sold other collateral, *Lamb Brothers, Inc.* v. *First State Bank,* 285 Or. 39, 54 (1979), then, in either case, the plaintiff under c. 106, § 9-507, inserted by St. 1957, c. 765 § 1, "has a right to recover from the secured party any loss caused by a failure to comply" with the provisions of art. 9.[3] The fact that the foreclosure on the home has taken place since the filing of the complaint does not, as the defendant urges, render the plaintiff's claim moot or deprive the court of jurisdiction. *Wood* v. *Wood,* 369 Mass. 665, 671 (1976). A claim for damages is implicit in the complaint, and such claim continues notwithstanding the sale. We hold that the allegations under art. 9 are sufficient to withstand a motion to dismiss.

The judgment is reversed, and the case is remanded to the Probate Court with directions to enter a partial summary judgment for the defendant on that portion of the plaintiff's claim which is based on G. L. c. 140C and for further proceedings consistent with this opinion.

*So ordered.*

---

[3] The record does not disclose that the stipulation was a result of the application of the doctrine of marshaling of assets. The parties have not raised that issue, and we decline on this record to speculate whether the doctrine has any application to this action. See *Charles Constr. Co.* v. *Leisure Resources, Inc.,* 1 Mass. App. Ct. 755, 760-762 (1974); *Berman* v. *Green,* 597 F.2d 130, 133 (8th Cir. 1979).