EDMUND GLICK *vs.* FRAMINGHAM SAVINGS BANK. September 26, 1980. Summary judgment was properly granted in favor of the defendant. From the pleadings and such parts of the affidavits before the trial judge as were made "on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein" (Mass.R.Civ.P. 56[e], 365 Mass. 825 [1974]), it appears that the defendant bank, contrary to a binding stop payment order, paid a so called "marker" for $1,000 — a document executed by the plaintiff with the Las Vegas Hilton as payee bearing the title "Customer's Check (for cash only)" and a printed statement above the plaintiff's signature that "I hereby attest that I received cash for the above amount." In these circumstances the defendant is entitled to judgment as a matter of law, for they show that the plaintiff suffered no loss. G. L. c. 106, § 4-403(3). The plaintiff's allegation in the verified amendment to his complaint that "the alleged gambling debt is unenforceable" is conclusory and does not add specific facts (see *Wolpert* v. *Knight,* 74 Nev. 322, 335 [1958]) which would raise a triable issue (*Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-556 [1976]) whether the "marker" was unenforceable by the payee (see *Dicker* v. *Klein,* 360 Mass. 735 [1972]) so that the plaintiff could be said to have suffered a loss when the bank honored it. The more specific circumstances on which the plaintiff relies set out in his affidavit in support of his "Motion for Relief from Judgment" were not before the trial judge when he acted in granting summary judgment, and we do not consider them. Indeed, the motion for relief from judgment was, so far as appears, never acted on or even pressed.

*Judgment affirmed.*

The case was submitted on briefs.
*Nelson Gediman* for the plaintiff.
*Joseph L. McQuade* for the defendant.