RAE E. LAMMERDING *vs.* SHAWMUT COMMUNITY BANK, N.A.

Middlesex. April 20, 1982. — June 2, 1982.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Practice, Civil*, Summary judgment. *Mortgage*, Real estate: foreclosure; Acceleration clause. *Secured Transactions*.

Under Rule 56 (b) of the Massachusetts Rules of Civil Procedure a defendant may move for summary judgment before filing a timely answer and also after the due date of an answer, if no answer has been filed. [602-603]

Where a borrower had defaulted on three notes secured by the assets of a business and by mortgages on certain real estate, and where all three notes had acceleration clauses under which, upon default in the payment of any instalment due, the entire debt became due and payable at the option of the holder, the holder of the notes was entitled to declare the whole debt due by reason of default and to foreclose on the real estate, even though the proceeds of the foreclosure sale of the business assets were sufficient to make up the arrearage on all of the notes. [603-604]

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on March 9, 1979.

Following the decision of this court reported in 9 Mass. App. Ct. 551 (1980), a motion for summary judgment was heard by *Leahy,* J.

The case was submitted on briefs.

*Edward C. Donlon* for the plaintiff.

*Barry J. Walker* for the defendant.

KASS, J. This controversy is before us for the second time. In *Lammerding v. Shawmut Community Bank, N.A.,* 9 Mass. App. Ct. 551 (1980), we remanded the case to the Probate Court for inquiry if the plaintiff could establish either (1) that the bank wrongfully failed to apply the pro-

ceeds of sale to the satisfaction of the indebtedness owed to the bank, or (2) that the bank had sold enough collateral to cover the debt due and unnecessarily sold the additional collateral, namely the Lammerdings' house. Following remand the bank moved for summary judgment, Mass.R. Civ.P. 56, 365 Mass. 824 (1974), and supported its motion with affidavits. Mass.R.Civ.P. 56(e).

(1) The plaintiff contends that the entry of summary judgment against her was procedurally incorrect because the defendant never filed an answer, the motion for that judgment was filed after the answer was due, and the motion lay on the docket nearly seven months before it was heard. While there are no Massachusetts cases on point, Federal decisions have considered the issue and "the adjudged construction . . . given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content." *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). *Westinghouse Elec. Supply Co.* v. *Healy Corp.,* 5 Mass. App. Ct. 43, 47 (1977), and cases cited therein.

Rule 56(b) of the Massachusetts Rules of Civil Procedure, like its Federal counterpart, allows a defending party to move for summary judgment "at any time." This has been interpreted to allow a defendant to move for summary judgment before filing a timely answer and also after the due date of an answer, if no answer has been filed. *Chan Wing Cheung* v. *Hamilton,* 298 F.2d 459, 460 n.1 (1st Cir. 1962). *Hubicki* v. *ACF Indus., Inc.,* 484 F.2d 519, 522 (3d Cir. 1973). 6 Moore's Federal Practice par. 56.08 n.19 (2d ed. 1982). See Smith & Zobel, Rules Practice § 56.4 (1977). If a defendant shows, through affidavits or otherwise, that there is no genuine issue of material fact, the absence of an answer is not significant.

Nor did it matter that the bank's motion for summary judgment was not brought forward for hearing until seven months after it was filed and until some nine months following judgment after rescript in the first case. See *First Natl. Bank* v. *Cities Serv. Co.,* 391 U.S. 253 (1968), in which the

defendant's motion for summary judgment was granted five years after his initial motion and finally affirmed by the Supreme Court three years later. During that period the defendant never filed an answer.

(2) As to the questions posed by the order of remand, the bank's affidavits asserted, without contradiction by the plaintiff, the following facts: The plaintiff executed three notes from the bank and was in default on each. One, in the amount of $32,000, was secured by the furniture, fixtures, inventory, and accounts receivable of Regal Wallpaper Centre, Inc. (Regal), a business operated by the plaintiff's former husband. That loan was also secured by a second mortgage on the Lammerdings' home in Ashland. A second loan in the amount of $30,000 was secured by a mortgage on the same real estate. A third note, in the amount of $6,000, which appears to have been unsecured when made (prior to the $30,000 loan), fell under a cross collateral provision in the mortgage which secured the $30,000 loan. All three notes had acceleration clauses under which, upon default in the payment of any instalment due, the entire debt became immediately due and payable at the option of the holder. After the plaintiff defaulted on all three notes, the bank held a sale of the inventory and fixtures of Regal and a foreclosure sale of the real estate. Sale of Regal's inventory and fixtures produced net proceeds of $13,048.12, which the bank applied to the combined balances due of $61,299.68.

The plaintiff does not dispute that she had defaulted on all three of the notes. Rather, she argues that the proceeds of the foreclosure sale of the inventory of Regal, if applied, made up the arrearage on all of the notes and, thus, cured the defaults. That argument ignores the operation of acceleration clauses which advanced the maturity of each note. See *A-Z Servicenter, Inc.* v. *Segall*, 334 Mass. 672, 676-677 (1956), and cases cited therein. If the option to declare the entire unpaid principal of the note due and payable is not exercised, the debtor may stay foreclosure proceedings by repairing existing breaches of the contract.

*Broadway Natl. Bank* v. *Hayward*, 285 Mass. 459, 464 (1934).

Here, however, the commencement of foreclosure proceedings operated as an election by the bank of its option to declare the whole debt due by reason of default. *Strong* v. *Stoneham Co-op. Bank*, 357 Mass. 662, 667 (1970). *Petti* v. *Putignano*, 8 Mass. App. Ct. 293, 296 (1979).[1] As the inventory sale had produced $13,048.12, a substantial loan balance remained for which the bank could properly levy against the real estate. The bank's affidavits also showed that the remaining debt was satisfied by the sale of the real estate, and a balance was paid for the account of the plaintiff. The plaintiff set forth no specific facts, by counter affidavit or otherwise, showing that there was a genuine triable issue of material fact. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). *Noyes* v. *Quincy Mut. Fire Ins. Co.*, 7 Mass. App. Ct. 723, 725-726 (1979).

None of the other issues raised by the plaintiff was open under the order of remand.

*Judgment affirmed.*

---

[1] The security instruments contained in the record did not provide for notice of acceleration of the indebtedness.