Margaret J. O'Neill QUINN On behalf of herself and all others similarly situated

v.

**A.I. CREDIT CORPORATION.**

**Civ. A. No. 83–1617.**

United States District Court, E.D. Pennsylvania.

April 9, 1985.

Anthony B. Quinn, Philadelphia, Pa., for plaintiff.

Rudolph Garcia, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff brings this action on behalf of herself and all others similarly situated to recover for defendant's alleged violation of the Truth in Lending Act (The "Act").[1] It is alleged that defendant, in connection with a loan to plaintiff, failed to make the disclosures required by the Act. Presently

---

1. Because this case was filed as a class action, I found the following exchange at plaintiff's deposition interesting.

Q Do you know what a class action is?
A No.
Q Do you understand that in this case an effort is being made to have you be a representative of a class of lots of people and that you would be acting for them in this case? Was that ever explained to you?
A No.
Q Do you know that substantial expense could be involved in notifying possibly hundreds of thousands of people who might be members of the class and that you would have to pay for those expenses?
A No.
   MR. QUINN: If ordered by the Court; right?
BY MR. GARCIA:
Q Are you willing to pay substantial amounts of money for expenses involved in conducting this as a class action, if necessary?

A No, not right now.
   .        .        .        .
Q Are you willing to testify in court for several days, if necessary, at a trial in this case?
A Well, I work every day.
Q So you wouldn't want to do that?
A No.
Q If it becomes necessary to spend a few thousand dollars ...
   MR. QUINN: Objection. Asked and answered, but the witness may answer again.
BY MR. GARCIA:
Q ... for expenses in this case, are you willing to spend that money?
A No, I'm not.
Q Do you have an agreement with your attorneys about their fees in this case?
A No, we don't. No.
Q You have never discussed fees with them?
A No, I haven't.
Deposition of Margaret J. O'Neill Quinn at 8–9 7 42–43.

before me is defendant's motion for summary judgment. In this motion defendant asserts the transaction of which plaintiff complains was not "in connection with a consumer credit transaction" and is therefore exempt from the Truth in Lending Act. Plaintiff responds that the defense of exemption has been waived and alternatively, if it has not been waived, it is simply not available in this situation.

Initially, I find plaintiff's waiver argument must fail. Defendant's answer to the complaint denied that the disputed transaction was subject to the strictures of the Act and also raised lack of subject matter jurisdiction as a defense. As stated by the Third Circuit, to qualify for the Act's protection, *plaintiff* must show that the disputed transaction was "a consumer credit transaction, not a business transaction." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 751 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). In fact, this court's "jurisdiction depends upon an extension of credit, wherein the underlying transaction qualifies as a consumer credit transaction and not one for business or commercial purposes." *Gerasta v. Hibernia National Bank*, 411 F.Supp. 176, 185 (E.D.La.1976), *rev'd on other grounds*, 575 F.2d 580 (5th Cir.1978); 15 U.S.C. §§ 1601, 1602(h) (1982). Subject matter jurisdiction is something that can never be waived.[2]

Turning to the merits I find there exists no genuine issue as to any material fact, Federal Rule of Civil Procedure 56, and that even when viewed in the light most favorable to plaintiff, the facts lead to the inescapable conclusion that this was not a consumer credit transaction. A brief recitation of the undisputed factual background is necessary.

The financing transaction forming the basis of this suit was intended, and did in fact finance a commercial fire insurance policy. This insurance policy is written in the name of the plaintiff, Margaret O'Neill, on a form used "exclusively for writing commercial insurance policies." Affidavit of William Kronenberg, Assistant Vice President of National Union Fire Insurance Co. The insured premises were two adjacent row houses, 3540–42 Kensington Ave., Philadelphia, Pa.

In the application for insurance received by the underwriter, Johnson Excess, Ltd. ("Johnson"), on behalf of plaintiff, the "insured's operations" are described as "Hobby Shop & Apt." Similarly, in the "remarks" section of the application the following appears: "Owner occupied 2 Apts. & Hobby Shop." Upon receipt of this application Johnson issued a commercial fire insurance policy "because the application described the insured's operations as a hobby shop and apartments." Affidavit of Edward S. Johnson, president of Johnson Excess, Ltd. Furthermore, in an inspection report prepared by O'Hanlon Reports, Inc., at the request of Johnson, the following appears: "This building is a 2 story brick constructed row type building.... There are 2 apartments on upper floors. The 1st floor is a hobby shop with stock and fixtures in good order. The interior is well kept. ood [sic] floors in good order. Caters to a working class clientel." *Id.* The above described use of the subject premises is in keeping with the description given in the body of the insurance policy itself which states the building is "occupied as Hobby Shop and Apartments." *Id.;* affidavit of William Kronenberg.

Plaintiff has not refuted any of the above contentions. For example, in her affidavit she confirms that her business operations and two rental apartments are located in the insured premises. She also confirms that the building is owner occupied. Affidavit of Margaret J. O'Neill

2. As a corollary to plaintiff's waiver argument she asserts summary judgment on the "business transaction" defense is inappropriate because plaintiff was unfairly surprised and as such unable to challenge the argument properly. She apparently intended to refute the argument by presentation "as soon as possible" of the "affidavit of the insurance salesman involved in this transaction." However, defendant submitted its affidavits on May 30, 1984, and in the intervening time plaintiff has neither requested a stay nor submitted any additional affidavits.

**154**

Quinn, at ¶¶ 14–16. Finally, she admitted that she deducted the entire 1982 fire insurance premium as a business expense on her 1982 tax return and fully intended to deduct the 1983 premium as a business expense on that years tax return. Deposition of Margaret J. O'Neill Quinn at 41.

In reviewing the financing transaction as a whole in light of "the entire surrounding factual circumstances," *Tower v. Moss*, 625 F.2d 1161, 1166 n. 4 (5th Cir.1980), it is beyond question that this transaction was not "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h). If anything, the transaction was primarily commercial. 15 U.S.C. § 1603(1). Therefore, the Act is inapplicable and plaintiff may not invoke its protections. *See American Express Co. v. Koerner*, 452 U.S. 233, 245, 101 S.Ct. 2281, 2288, 68 L.Ed.2d 803 (1981) ("overall purpose" of the transaction underlying the financing must be personal).

One last point bears mention. Plaintiff, in what can be characterized as an implicit recognition of the weakness of her position, has advanced the untenable argument that when a transaction is for both personal and business purposes, it must be deemed personal. In other words, plaintiff takes the position that the statute, which exempts transactions that are "primarily" commercial, really should be read as excluding only those transactions which are "exclusively" commercial. Not only is such a reading contrary to the express wording of the statute, but it is one which has been, without exception, resoundly rejected by both federal and state courts. *See American Express Co. v. Koerner*, 452 U.S. 233, 101 S.Ct. 2281, 68 L.Ed.2d 803 (1981) (despite the fact that it is often difficult "to characterize the overall purpose" of an account, the Act "requires creditors and the courts to undertake this task"); *Smith v. Chapman*, 436 F.Supp. 58 (W.D.Tex.1977), "*aff'd*, 614 F.2d 968 (5th Cir.1980) (transaction need not be entirely personal but must be primarily so). *See also, Gallegos v. Stokes*, 593 F.2d 372 (10th Cir.1979); *Anderson v. Foothill Industrial Bank*, 674 P.2d 232 (Wyo.1984); *First National Bank*

*of Belleville v. Skidis*, 82 Ill.App.3d 602, 38 Ill.Dec. 41, 403 N.E.2d 56 (1980).

For all the above reasons, defendant's motion for summary judgment must be granted.