EDWARD R. LEVITES & others[1] *vs.* RICHARD J. CHIPMAN,
trustee.[2]

No. 89-P-1233.

Middlesex. January 8, 1991. - March 27, 1991.

Present: WARNER, C.J., KAPLAN, & PORADA, JJ.

*Truth-in-Lending Act. Loan. Mortgage,* Foreclosure. *Usury.*

In a civil action concerning a loan by the defendant secured by a mortgage
on the plaintiffs' residence, the judge correctly determined that G. L.
c. 140D (the Massachusetts Truth in Lending Act), and 15 U. S. C. §§
1601 et seq. (1982) (the Federal Truth in Lending Act), did not apply,
where the undisputed facts established that the defendant was not a
"creditor" as defined in those statutes and that the transaction was a
commercial loan exempt from the provisions of the acts; the judge prop-
erly granted summary judgment in favor of the defendant on the plain-
tiffs' claims based on violations of those statutes. [359-361]

In a civil action concerning a promissory note secured by a real estate
mortgage, the judge correctly granted summary judgment in favor of
the lender on the plaintiffs' claim that foreclosure of the mortgage was
wrongful, when the record before the judge disclosed that the plaintiffs
were in default of payment under the terms of the note when foreclo-
sure proceedings were commenced. [361]

In a civil action, a commercial loan secured by a real estate mortgage was
not subject to a claim that the interest charged was usurious, where the
lender had registered his intent to charge interest in excess of the legal
rate with the Attorney General in compliance with the provisions of
G. L. c. 271, § 49 (*d*). [361-362]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 8, 1988.

The case was heard by *Katherine Liacos Izzo*, J., on a mo-
tion for summary judgment.

*Jonathan M. Feigenbaum* (*Richard M. Passalacqua* with
him) for the plaintiffs.

[1]Harvey Levites and Lois N. Levites.
[2]Of the Kettrick Group Trust.

*Arlene Beth Marcus* for the defendant.

PORADA, J. The plaintiffs brought an action in the Superior Court seeking injunctive relief and damages from the defendant based upon alleged violations of G. L. c. 140D, the Massachusetts Truth in Lending Act, and 15 U.S.C. §§ 1601 et seq. (1982), the Federal Truth in Lending Act, wrongful foreclosure of a real estate mortgage, and charges of usurious interest on a promissory note executed by the plaintiffs to the defendant. The defendant filed an answer and several counterclaims to recover the debt due under the note and mortgage of September 28, 1987.[3] The plaintiffs obtained a preliminary injunction enjoining the defendants from foreclosing on the plaintiffs' residence during the pendency of this action. The defendant then filed a motion for summary judgment. From the granting of summary judgment dismissing all of plaintiffs' claims by a Superior Court judge, the plaintiffs appeal. We affirm the judgment.

We recite the following undisputed facts culled from the pleadings, affidavits, answers to interrogatories, and depositions provided us. The plaintiffs, Harvey and Lois N. Levites, are husband and wife. The plaintiff, Edward R. Levites, is their son and a principal in the business corporation, Ebco, Inc., which buys and sells pleasure yachts. Harvey and Lois N. Levites had no business interest in Ebco, Inc., but agreed to guarantee several commercial loans made by United States Trust Company/Middlesex (United) to Ebco, Inc., and to give United a real estate mortgage on their residence in Wellesley as security for their guaranty. When Ebco, Inc., defaulted on these loans, United demanded payment from Harvey and Lois N. Levites on their guaranty and commenced foreclosure proceedings against their residence. To ward off the foreclosure of United's mortgage on their residence, Harvey Levites and Lois N. Levites, together with their son, Edward R. Levites, executed a promissory note payable to the defendant in the sum of $285,000, with interest payments equal to twenty-two percent per annum and,

---

[3] By stipulation of the parties, all counterclaims have been dismissed.

upon default, equal to twenty-four percent per annum.[4] As security for the note, Harvey and Lois N. Levites gave a first mortgage on their Wellesley residence.

Of the total loan proceeds of $285,000, the sum of $202,899.02 was paid to United to satisfy Harvey and Lois N. Levites' guaranty of Ebco, Inc.'s indebtedness and to discharge the mortgage held by United on their residence. The balance of the funds was used to discharge other debts of the plaintiffs including a first mortgage loan on their residence, back real estate taxes owed on that residence, and legal and closing costs for the loan. At the time of the loan closing, the plaintiffs received notices of rescission rights and incomplete disclosure cost forms from the defendant.

Upon plaintiffs' default under the terms of the promissory note, the defendant commenced an action in the Land Court on March 17, 1988, to foreclose the mortgage held on the Levites' home. The foreclosure sale was scheduled for June 9, 1988. On that date, the parties entered into a new agreement under which the defendant agreed to postpone the foreclosure sale upon the performance of certain conditions, including an immediate payment of $5,000 by the plaintiffs, and the plaintiffs agreed to waive any claims under the provisions of "any federal or state so-call[ed] Truth in Lending or other consumer protection statutes." This agreement was subsequently amended. The plaintiffs failed to make a payment under the amended agreement on August 3, 1988, served a notice of rescission of the loan upon the defendant's counsel based upon violations of G. L. c. 140D and 15 U.S.C. §§ 1601 et seq., and initiated this action.

In moving for summary judgment, the defendant argued that he was entitled to summary judgment as a matter of law on plaintiffs' claims under G. L. c. 140D and 15 U.S.C. §§ 1601 et seq., because those statutes did not apply to the loan given to the plaintiffs by him. He contended that: (1) the trust was not a creditor under these statutes; (2) the loan

---

[4]The note provided for a floating interest rate of seven percent per annum above the prime lending rate of the Bank of Boston. Upon default, the interest rate was increased an additional two percent per annum.

was a commercial loan and consequently exempt from coverage; and (3) the plaintiffs waived any claims that they had under these statutes by their agreement of June 9, 1988. He also claimed that the foreclosure proceedings were properly conducted and that he had a legal right to charge the interest provided by the note for he had registered with the Attorney General in compliance with G. L. c. 271, § 49(*d*). The judge in the Superior Court ruled that the loan in question was commercial in nature and, consequently, exempt from the provisions of G. L. c. 140D and 15 U.S.C. §§ 1601 et seq., and that the rate of interest charged by the defendant was legal. The judge's decision was silent as to the plaintiffs' claim based on wrongful foreclosure. However, judgment was entered for the defendant on all of the plaintiffs' claims.

1. *Applicability of G. L. c. 140D and 15 U.S.C. §§ 1601 et seq.* While the judge based her decision solely on the ground that the loan in question was commercial in nature and consequently exempt from coverage of these statutes, we, of course, may consider any grounds in support of the defendant's motion. *Champagne* v. *Commissioner of Correction*, 395 Mass. 382, 386 (1985). The Massachusetts Truth in Lending law (G. L. c. 140D) is modeled after the Federal Truth in Lending Law (15 U.S.C. §§ 1601 et seq.) *Lammerding* v. *Shawmut Community Bank, N.A.*, 9 Mass. App. Ct. 551, 553 (1980), appeal after remand, 13 Mass. App. Ct. 601 (1982). Under both statutes a creditor is defined as,

> "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement."

G. L. c. 140D, § 1, as amended through St. 1983, c. 535, § 2. 15 U.S.C. § 1602 (f).

Under the regulations promulgated to implement each of these statutes, a person who "regularly extends consumer credit" is defined as one who "extended credit more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year. If a person did not meet these numerical standards in the preceding calendar year, the numerical standards shall be applied to the current calendar year." 209 Code Mass. Regs. § 32.02(17) n.3 (1986). Regulation Z, 12 C.F.R. § 226.2(17) n.3 (1983).

In deciding the motion for summary judgment, the judge had before her the defendant's affidavit that the trust had made a total of four loans, including the Levites' loan, and only one, the Levites' loan, was secured by a mortgage on a dwelling, and the defendant's answers to interrogatories that from January 1, 1981, until 1988, the trust had loaned or advanced money on only four occasions. Presented with these specific facts, the plaintiffs could not rest on their allegations in their complaint that the defendant was a creditor who regularly extended consumer credit but were required to set forth specific facts by affidavit or otherwise to show that there was a genuine, triable issue as to whether the defendant met the definition of a creditor under these statutes. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976). *Glick* v. *Framingham Sav. Bank,* 10 Mass. App. Ct. 900 (1980). *John Alden Transp. Co.* v. *Bloom,* 11 Mass. App. Ct. 920-921 (1981). Having failed to do so, summary judgment was appropriately granted on those claims based upon violations of G. L. c. 140D and 15 U.S.C. §§ 1601 et seq., for the defendant did not qualify as a creditor under those statutes.

We also agree with the judge that the Levites' loan from the defendant was not a consumer loan covered by these statutes. Both acts exempt from their coverage business or commercial loans. G. L. c. 140D, § 2. 15 U.S.C. § 1603. In determining whether a loan is commercial or consumer in nature, "[w]e must examine the transaction as a whole and the purpose for which the credit was extended." *Tower* v. *Moss,* 625 F.2d 1161, 1166 (5th Cir. 1980). *Bokros* v. *Asso-*

*ciated Fin. Inc.*, 607 F. Supp. 869, 871 (N.D. Ill. 1984). *Lammerding* v. *Shawmut Community Bank, N.A.*, 9 Mass. App. Ct. 551, 553 (1980). Here, $202,899.02 of the total loan proceeds of $285,000 was used to pay off the business indebtedness of Ebco, Inc., to United and to discharge the mortgage on the residence of the plaintiffs given as security for that debt. The balance of the proceeds was used to pay off debts to facilitate the obtaining of the loan — the first mortgage, back real estate taxes, an execution on the property, a State tax lien, attorney fees and closing costs. The mere fact that the loan was secured by a mortgage on the plaintiffs' residence is not decisive of the issue. *Lammerding* v. *Shawmut Community Bank, N.A., supra* at 553. See also *Bokras* v. *Associated Fin. Inc., supra* at 871-872; *In re Klutzaritz*, 46 Bankr. 368, 369-370 (E.D. Pa. 1985); *Sims* v. *First Natl. Bank,* 267 Ark. 253, 263-264 (1980); *First Natl. Bank* v. *Skidis*, 82 Ill. App. 3d 602, 603-604 (1980); *Toy Natl. Bank* v. *McGarr*, 286 N.W.2d 376, 378 (Iowa 1979). We conclude that in the circumstances here, where more than half of the loan proceeds were used to discharge a business related debt, the loan should be considered commercial and, consequently, exempt from the provisions of G. L. c. 140D and 15 U.S.C. §§ 1601 et seq. See *Bokros* v. *Associated Fin., Inc., supra* at 871-872; *In re Klutzaritz, supra* at 369-370.

2. *Wrongful foreclosure of the mortgage.* An examination of the verified materials filed by the defendant disclosed that the plaintiffs were in default of the promissory note dated September 28, 1987, secured by the mortgage on the residence of the plaintiffs, by their failure to make their monthly payment of interest within ten days of its due date on January 28, 1988. Upon this default, the defendant could properly under the terms of the note demand full payment and commence foreclosure proceedings absent payment, which is what he did. We conclude summary judgment was properly granted on this claim.

3. *Usury argument.* We agree with the motion judge that the loan was immune from attack as usurious. In support of

his motion for summary judgment, the defendant produced a copy of a letter filed in the Office of the Attorney General on December 23, 1986, pursuant to the requirements of G. L. c. 271, § 49(*d*), informing the Attorney General of his intent to charge interest in excess of the legal rate. Since this notice was on file at the time the loan proceeds were distributed on September 28, 1987, and records were apparently kept of the transaction, the interest rates provided in the promissory note were not illegal. G. L. c. 271, § 49(*d*). *Albano* v. *City Natl. Bank*, 11 Mass. App. Ct. 973 (1981). *Hakim Enterprises, Inc.* v. *Reinhardt, post* 911 (1991).

*Judgment affirmed.*