Bohn, J.
INTRODUCTION
Plaintiff, Rodney D. Farnsworth III, commenced this action seeking payment on a note executed by defendant, Miguel Reyes. Reyes signed the Note as consideration for the sale of Farnsworth’s limousine to Reyes and secured the Note with a mortgage on real estate. In his answer, Reyes asserted counterclaims against Farnsworth for violations of Truth in Lending statutes, breach of contract, and unfair and deceptive practices. Farnsworth then filed a third-party complaint for indemnification and contribution against his attorney, Lawrence Blacker, claiming that any breach or other improper conduct allegedly committed by him (Farnsworth) was as a result of Blacker’s actions.
Blacker now moves to dismiss Farnsworth’s third-party complaint, asserting that Reyes’ counterclaims against Farnsworth that are based on the Truth in Lending statutes are barred by Mass.R.Civ.P. 12(b)(1) and 12(b)(6) and, thus, he bears no liability. Blacker also asserts that Farnsworth untimely served him with the third-party complaint and thus it should be dismissed. Farnsworth opposes Blacker’s motion arguing that only when and if Reyes’ counterclaims are dismissed against him (Farnsworth), could this Court dismiss Farnsworth’s third-party complaint against Blacker. Farnsworth also moves to dismiss Reyes’ counterclaims that are based on the Truth in Lending statutes on the same grounds within Blacker’s motion. For the following reasons, Farnsworth’s motion to dismiss Reyes’ counterclaims will be ALLOWED as to Counterclaim counts I and III and DENIED as to Counterclaim Count II; and Blacker’s motion to dismiss Farnsworth’s third-party complaint will be DENIED.[1]
BACKGROUND
The materials submitted by the parties present the following factual allegations, taken in the light most favorable to the non-moving party.[2]
Farnsworth is an entrepreneur engaged in a number of small businesses, including a former limousine business. On or about April 25,1988, Farnsworth sold *548 Reyes a 1981 Cadillac stretch limousine for $10,500. Reyes paid Farnsworth $2,500 and executed a promissory note for the remaining balance of $8,000. To secure the Note, Reyes executed and delivered to Farnsworth a mortgage on certain real estate located at 72 Callender Street, Dorchester, Massachusetts. Farnsworth recorded said mortgage with the Suffolk County Registry of Deeds on or about October 31, 1988. The note required Reyes to make monthly payments of $302.49 beginning May 25, 1988. In connection with the transaction, Farnsworth failed to provide Reyes with a disclosure statement and a notice of right . to cancel that was in conformity with Truth in Lending statutes. Specifically, the disclosure statement given by Farnsworth to Reyes failed to set forth accurately the finance charge, amount financed, annual percentage rate, and total amount of payments in the transaction. Attorney Lawrence Blacker represented Farnsworth in this transaction.
Reyes made several payments on the Note. On October 25, 1995, Reyes, through counsel, forwarded a “Rescission of Mortgage Loan” letter to Farnsworth. On or about July 17, 1996, Farnsworth initiated foreclosure proceedings in the Land Court through which he sought to collect his debt from Reyes. Reyes contacted Farnsworth through counsel, and agreed to file an application to refinance his home in order to pay Farnsworth. On August 15, 1996, Farnsworth and Reyes, both through counsel[3] agreed to settle the foreclosure matter and the 1988 transaction. To do so, Reyes applied to Fleet Mortgage Corp. for a loan of $15,000, which would be paid to Farnsworth upon closing. Reyes also agreed to pay Farnsworth $5,000 and to execute a note, secured by a mortgage, for $2,500. In exchange, Farnsworth agreed to deliver to Fleet, prior to the closing, a discharge of the note and mortgage executed as part of the 1988 transaction.
On or about September 16, 1996, the closing took place even though Fleet’s attorney, Kirk Jackson, had failed to secure the discharge from Farnsworth. On or about September 23, 1996, a check for $15,000, together with the note and mortgage from the 1988 transaction, was forwarded to counsel for Farnsworth. On October 8, 1996, Reyes’ attorney delivered the check for the remaining $5,000 to Farnsworth’s attorney who agreed to record the discharge; however, on October 17, 1996, Farnsworth’s attorney told Reyes’ attorney that Farnsworth had decided not to complete the settlement agreement.
DISCUSSION
Since Farnsworth’s third-party complaint against Blacker is solely founded on Reyes’ counterclaims against him (Farnsworth), this Court will first address Farnsworth’s motion to dismiss Reyes’ counterclaims.
I. Farnsworth’s Motion to Dismiss
Farnsworth moves to dismiss Reyes’ counterclaims based on the Truth in Lending statutes, pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6).
A. Rule 12(b)(1) — Lack of Subject Matter Jurisdiction
Subject matter jurisdiction refers to whether a Court can hear a particular type of suit. The Superior Court has original jurisdiction over most civil actions, except where jurisdiction is given exclusively to another court. G.L.c. 212, §4. Subject matter jurisdiction is an issue to be determined solely by the Court. In making that determination, the Court may consider materials that extend beyond the scope of the pleadings. Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. 106, 108-09 (1995). If the Court determines that it does not have subject matter jurisdiction, it must dismiss the claim even if the parties have not raised the issue. Norfolk Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 209 n.3 (1994); Mark v. Kahn, 333 Mass. 517, 519 (1956).
In the instant case, Farnsworth asserts that this Court does not have subject matter jurisdiction over that part of Counterclaim Count I that is based on 15 U.S.C. §1601, the Federal Truth in Lending Act (hereinafter FTILA).[4] Incorporating Blacker’s memorandum, Farnsworth argues that claims based on federal statutes cannot be heard in Massachusetts Superior Court. This assertion is wholly without merit. As stated, this Court is a court of general jurisdiction and can decide any federal matters that are not specifically reserved for the province of the federal courts. In addition, the federal statute at issue specifically confers subject matter jurisdiction to this Court: “(a]ny action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction . . 15 U.S.C. §1640(e) (emphasis added). Therefore, this Court has subject matter jurisdiction over Reyes’ Counterclaim Count I.
B. Rule 12(b)(6) — Failure to State a Claim 1. Rule 12(b)(6) Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). Rule 12(b)(6) applies similarly to counterclaims, cross-claims, and third-party claims. A plaintiff, or a plaintiff-in-counterclaim, “need only surmount a minimal hurdle to survive a motion to dismiss.” Bell v. Mazza, 394 Mass. 176, 184 (1985). “[Dismissals on the basis of pleadings, before facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987), citing Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (1980) (citations omitted). A complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
*549 2. Application of Rule 12(b)(6) Standard to Counterclaim Count I
In his motion, Farnsworth asserts that this Court must dismiss Reyes’ counterclaims for violations of Massachusetts Consumer Credit Cost Disclosure Act (hereinafter MCCCDA) and FTILA. Incorporating Blacker’s memorandum, Farnsworth argues that even assuming the facts alleged by Reyes are true, Reyes has not made out a claim under either of the statutes. Farnsworth’s argument is meritorious and it is on this ground that this Court must dismiss Reyes’ Counterclaim Count I.
a. Farnsworth is not a “Creditor”
The MCCCDA and FTILA statutes require that the party against whom the violations are claimed be a “creditor.” If the party who extended the credit is not a creditor within the statutory definitions, the requirements of the statutes are not implicated and will not apply to the parties or the transaction at issue. Defined similarly in both statutes,[5] a creditor is a person who regularly extends consumer credit. G.L.c. 140D, §1 and 15 U.S.C. §1602(f). For example, a trust which had loaned money on only four occasions and in only one case was the loan secured by mortgage, did not qualify as a “creditor” for purposes of MCCCDA or FTILA. Levites v. Chipman, 30 Mass.App. 356, rev. denied, 410 Mass. 1102 (1991).
In this case, Reyes has failed to plead any set of facts that would establish that Farnsworth is a creditor within the meaning of MCCCDA and FTILA. Reyes alleges in his counterclaim that Farnsworth “was involved in various businesses, including but not limited to, money loaning and automobile sales,” within the meaning of FTILA and MCCCDA. Even taking this allegation as true, the actions by Farnsworth are insufficient to establish him as a creditor as defined by FTILA and MCCCDA. This statement is conclusoiy in nature and cannot survive a motion to dismiss. See Coburn v. Gould, 3 Mass.App.Ct. 793, 794 (1975) (where plaintiff failed to allege that defendants fell within FTILA’s definition of creditor, such omission could not be cured by allegation that defendants acted as creditor as defined by General Laws since such allegation was conclusion of law). It is clear, both in spirit and in substance, that the Truth in Lending statutes were meant to protect the ordinary consumer from financial institutions using inaccurate and unfair credit billing and credit card practices. 15 U.S.C. §1601(a); see also Bass River Lobsters, Inc. v. Smith, 7 Mass.App. 197 (1979) (plaintiff must allege that defendant regularly extended credit in ordinary course of business to implicate Truth in Lending protection).
Notwithstanding Reyes’ failure to allege sufficient facts, it is within this Court’s province to decide that Farnsworth cannot be classified as a creditor under any set of facts that could be asserted by Reyes. See Nader, 372 Mass. at 98, quoting Conley, 355 U.S. at 45-46. As such, even if Reyes were allowed to amend his counterclaims, this Court would not view Farnsworth as a creditor within the FTILA and MCCCDA definitions. Because Farnsworth is not a creditor, his actions are not subject to the requirements of the statutes.
b. Transaction was for Business Purpose
Even assuming, arguendo, Reyes could show that Farnsworth was a creditor, the MCCCDA and FTILA requirements do not apply to “(c)redit transactions involving extensions of credit primarily for business . . . purposes . . ." G.L.c. 140D, §2(a) and 15 U.S.C. §1603(1). For example, when the purpose of the loan was for a husband’s business venture, there was no FTILA claim even though the wife asserted that she was not involved in the business venture. Lammerding v. Shawmut Community Bank, N.A., 9 Mass.App.Ct. 551, 553, appeal after remand, 13 Mass.App.Ct. 601 (1980). The Lammerding Court looked to the purpose of the loan, noting that extensions of credit for business purposes were not within the protective ambit of the MCCCDA. Id. See also Morse v. Mutual Federal Sav. & Loan Ass’n of Whitman, 536 F.Sup, 1271 (D.Mass. 1982) (extension of credit exempt from FTILA since credit extended to pay for business supplies; court deemed irrelevant the fact that signer of note not involved in running business).
In this case, it is undisputed that Farnsworth sold Reyes his 1981 Cadillac stretch limousine. By its veiy nature, a limousine service is a business. Thus, by definition, the sale involved in this case was made for “business purposes” and is exempt from the MCCCDA and FTILA requirements. There is no set of facts that Reyes could present that would convert this business sale into one within the protection of the statutes. Having failed to state a claim under FTILA or MCCCDA, Reyes’ Counterclaim Count I must be dismissed.
3. Application of Rule 12(b)(6) Standard to Counterclaim Count III
Reyes also counterclaims for violations of G.L.c. 93A based solely on MCCCDA violations. Admittedly, a violation of MCCCDA constitutes aviolation of G.L.c. 93A. G.L.c. 140D, §34. Since this Court has ruled, supra, that no MCCCDA violations occurred, and that is the only basis on which Reyes’ c. 93 counterclaim relies, Counterclaim Count II must also be dismissed.
II. Blacker’s Motion to Dismiss
With the dismissal of Reyes’ Counterclaim counts I and III, supra, only Counterclaim Count II remains active against Farnsworth.[6] Counterclaim Count II alleges that Farnsworth agreed to settle the matter and then failed to fulfill his obligations under the settlement agreement. Because such claim is viable against Farnsworth and thus against Blacker, this Court must now consider the remaining ground on which Blacker moves to dismiss the third-party complaint filed against him by Farnsworth.[7] Here, Blacker asserts *550 that Farnsworth’s third-party complaint against him should be dismissed on the grounds of insufficiency of service of process.[8]
According to Mass.R.Civ.P. 40(j), “[i]f service of the summons and complaint is not made upon a defendant within ninety days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ...” The 90-day limit for service of process applies to third-party complaints as well. “Once the third-party complaint has been filed, service of the complaint and a summons on third-party defendant follows exactly parallel to service on an original defendant.” James W. Smith & Hiller B. Zobel, Rules Practice §14.11, at 408-09 (1974), citing Mass.R.Civ.P. 4. A party is required to request leave of court for an extension or to show good cause as to why service could not be made within the allowed time period. Id. See also Comm'r of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 311 (1998). The good cause exception applies “only when there has been diligent effort timely to effect service.” Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18, 26 (1992).
The interval between the deadline and the effectuation of service may be given weight depending upon how reasonable the delay was in light of the overall circumstances and the reasonableness and diligence of the party’s efforts to effect service in a timely manner. Carrigan, 45 Mass.App.Ct. at 312. For example, in Carrigan, service was made four days beyond the deadline, but it was “the inadvertence of counsel and half-hearted efforts” at service that led the court to dismiss the complaint pursuant to Mass.R.Civ.P. 4(j). Id. at 313 (counsel engaged in the same unsuccessful attempt at service three times in the first 77 days and did not arrange for alternative service until day 83). See also Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (good cause not established because counsel’s first attempt at service made on day 82 and service not effected for 171 days after complaint filed).
In this case, the third-party complaint was filed on May 29, 1998 with a summons to the deputy sheriff dated August 19, 1998 (day 82). Service was effectuated on Blacker on September 3, 1998 (day 97). There are no facts presented by Farnsworth to show good cause as to why he did not effect service within the 90-day deadline. Ordinarily, these facts would result in a dismissal of the plaintiffs third-party complaint without prejudice. Mass.R.Civ.P. 4(j). Because the statute of limitations has not run on his claims, Farnsworth would then be free to refile his complaint and attempt service on Blacker within the statutory period.
In this case, however, Blacker was also untimely in serving his motion to dismiss. Mass.R.Civ.P. Rule 12(a) requires that, after service of any pleading requiring a responsive pleading, “a party shall serve such responsive pleading within 20 days ...” Blacker did not serve his motion to dismiss until October 1, 1998, after being served with process on September 3, 1998, 28 days after being served with Farnsworth’s third-party complaint and 8 days beyond the Rule 12(a) deadline. This Court does not sanction error or neglect by counsel, even if both parties’ counsel engage in equal error or neglect. It is this Court’s view, however, that equity and conservation of economic resources mandates that Farnsworth’s third-party complaint not be dismissed for failure to serve timely process within 90 days, and Blacker’s motion to dismiss be deemed timely.
ORDER
For the foregoing reasons, it is hereby ordered that Farnsworth’s Cross Motion to Dismiss Counterclaims is ALLOWED as to Counterclaim counts I and III and DENIED as to Counterclaim Count II; and that Blacker’s Motion to Dismiss is DENIED.

Because Counterclaims I and III are dismissed against Farnsworth, it follows that only Counterclaim II remains as a basis for indemnification or contribution against Blacker.

In ruling on Farnsworth’s motion to dismiss Reyes’ counterclaims, the facts will be taken in the light most favorable to Reyes. In ruling on Blacker’s motion to dismiss Farnsworth’s claims, the facts will be taken in the light most favorable to Farnsworth.

Farnsworth was then represented by Attorney Bruce I. Miller.

Reyes’ Counterclaim Count I also alleges violations of G.L.c. 140D, the Massachusetts Consumer Credit Cost Disclosure Act, of which, this Court assumes, Farnsworth concedes subject matter jurisdiction.

Since provisions of MCCCDA parallel those of FTILA, MCCCDA should be construed in accordance with federal law. In re Desrosiers, 212 B.R. 716 (Bankr. D. Mass. 1997).

Because this Court dismissed the MCCCDA and FTILA counterclaims against Farnsworth, the Court need not address Blacker’s arguments that Rules 12(b)(1) and 12(b)(6) are grounds to dismiss those claims.

If all of Reyes’ counterclaims against Farnsworth were dismissed, this Court could wholly allow Blacker’s motion to dismiss since Farnsworth admits his claims against Blacker are solely derivative of Reyes’ counterclaims. With one counterclaim against Farnsworth remaining, Blacker can only be dismissed from this action if the parties agree that no indemnification or contribution could be sought from Blacker in the event Farnsworth is found liable. Reyes’ Counterclaim II alleges actions by Farnsworth that may have extended beyond Blacker’s representation of Farnsworth. This Court will not, however, dismiss Blacker sua sponte. Blacker must move to dismiss the action against him on applicable grounds.

Blacker files his claim citing Mass.R.Civ.P. 12(b)(4). His argument, however, falls under Mass.R.Civ.P. 12(b)(5), and since insufficiency of service of process is the rule implicated, that is the argument on which this Court will decide.