HAKIM ENTERPRISES, INC. *vs.* R. DENNIS REINHARDT & another.[1] No. 89-P-1013. February 13, 1991. *Interest. Usury. Statute,* Construction.

Under G. L. c. 271, § 49, as amended by St. 1971, c. 368, if a person "in exchange for . . . a loan of money" charges a rate of interest in excess of twenty percent per annum, such person is guilty of criminal usury, and the loan may be declared void upon petition by the person to whom the loan was made. There is an exception: the foregoing provisions "shall not apply to any person who notifies the attorney general of his intent to engage in [such a] transaction . . . providing any such person maintains records of any such transaction." G. L. c. 271, § 49(*d*).

The defendants, when sued by the plaintiff on a note bearing interest in excess of twenty percent, sought cover under the statute. A judge of the Superior Court granted the plaintiff's motion for summary judgment. We affirm.

The hearing on the motion was not transcribed; the parties filed a document entitled "Agreed Statement for Appeal" in which the parties stipulated that the defendants' "sole issue in this appeal" is whether the plaintiff's notice pursuant to G. L. c. 271, § 49(*d*), was timely filed.

The record reveals the following uncontroverted facts. In an affidavit filed in support of his motion for summary judgment, the plaintiff states that he mailed a notice to the Attorney General prior to execution of the promissory note and loan agreement. The notice as appearing in the records of the Department of the Attorney General bears the following stamp:

"Received
Jan. 4, 1988
Department of Attorney General
Criminal Bureau."

Although the loan documents were signed on December 30, 1987, no funds were disbursed to the defendants until January 4, 1988. Since they received no funds until that date, the defendants have failed to show that the notice was not on file with the Attorney General prior to the time when the loan was made, that is, when the money was first advanced. See *Albano* v. *City Natl. Bank.,* 11 Mass. App. Ct. 973 (1981).

Neither the defendants' payment of legal and consulting fees in November, 1987, nor the signing of the documents in December, 1987, constitutes a violation of the statute, particularly in view of the ordinary rule of con-

---

[1]Cambridge Solar Enterprises, Inc.

struction that any criminal statute is construed strictly against the Commonwealth. Any reasonable doubt as to the meaning of a criminal statute must be resolved in favor of a defendant, that is, against finding a criminal violation. See *Commonwealth* v. *Gagnon*, 387 Mass. 567, 569 (1982). The remaining contentions of the defendants are foreclosed by their stipulation with the plaintiff that the only issue on appeal is the timeliness of the notice.

*Judgment affirmed.*

The case was submitted on briefs.
*Sharon Feigenbaum* for the defendants.
*Philip B. Benjamin* for the plaintiff.