Fremont-Smith, J.
Plaintiff brings this action to recover payment on a judgment rendered in its favor against the City of Cambridge School Department and/or School Committee (the “Schools”). The action is currently before the court on the plaintiffs motion for leave to amend his complaint so as to add the city treasurer as an additional defendant, and his motion for approval of attachment on trustee process of funds of the City of Cambridge. For the reasons outlined below, the plaintiffs motions are ALLOWED.
BACKGROUND
In November of 1986, Bay State York Co. (“BSY’) entered into a written contract with the Cambridge School Department for heating, ventilation and air conditioning repair and maintenance services. As required by G.L.c. 43, §29, the contract was signed by the City Manager of the City of Cambridge as well as by the members of the School Committee. In August of 1990, BSY filed a demand for arbitration with the American Arbitration Association seeking damages from the School Department of $151,650.09 for breach of contract. The School Department was named as respondent in the arbitration but the City was not separately named. The arbitrator awarded BSY damages plus interest in the sum of $188,194.04.
In June of 1992, the plaintiff made a written demand for payment of the award and on January 12, 1993 the court (Flannery, J.) issued a judgment confirming the arbitration award and ordering the School Department to pay the award, but no payment was made. BSY subsequently served written demands for payment on the treasurer and mayor of the City of Cambridge, but Cambridge’s city solicitor responded to these demands with a letter stating that the City was not responsible for the judgment and would not pay. Finally, on June 4, 1993, the plaintiff filed the current action against all of the named defendants, including the City. The action was originally in the nature of a mandamus action but, in the current motion, plaintiffs seek to add a count for trustee process to attach the general funds of the City.
DISCUSSION
Motion for Leave to Amend
Mass.R.Civ.P. Rule 15(a) provides that leave to amend pleadings should be “freely given where justice so requires.” Such leave is routinely granted where there is no undue prejudice to the opposing party. Sullivan v. Iantosca, 409 Mass. 796, 800 (1991). In the present case, the plaintiff filed his motion for leave to amend on the required deadline but failed to serve the motion to amend the complaint on the defendants thirteen days before filing, as required by Superior Court Rule 9A. While the plaintiffs filing on the discovery deadline was thus technically incorrect, the “delay” in (proper) filing was truly de minimus and did not prejudice the defendants. Accordingly, plaintiffs motion for leave to amend is allowed.
Attachment of the City’s Funds
Mass.R.Civ.P. Rule 4.2 provides that an order of approval of attachment may be entered if the court finds “that there is a reasonable likelihood that the plaintiff will recover judgment... in an amount equal to or greater than the amount of the trustee process . . .” The defendants have asserted four reasons why trustee process is not available in this case: (1) the property and/or funds of a municipal corporation are not subject to attachment; (2) the plaintiff has failed to show that, in the absence of such approval, the *329 plaintiff will not recover a judgment ultimately rendered in his favor; (3) the plaintiff has no likelihood of success because the arbitrator’s award is not binding on the City of Cambridge (as distinguished from the School Department); and (4) since the court will be required to decide the merits of the case, the action is not appropriate for summary judgment. The court addresses these contentions in order.
1. Although defendants contend that “it is a widely recognized and longstanding principle of law that the property or funds of a municipal corporation may not be attached,” defendants cite no Massachusetts case law to support that contention. Instead, they rely on Ex Parte State of New York, 256 U.S. 503, 511 (1920). That case, however, and the cases cited therein, stand for a different proposition, namely that the particular property of a municipal corporation cannot be seized and then sold to satisfy a municipal obligation, because it would be against public policy to permit a creditor to seize and sell city property (such as a town’s buildings or fire engines) to satisfy a debt, thereby permitting a creditor “in some degree [to] destroy the government itself.” Id. at 511.[2] The seizure of particular city property, however, is quite different from the creation of a security interest of a specific amount in general funds of the city by attachment. Indeed, at least two Supreme Judicial Court cases have held that a municipal corporation may have its funds attached pursuant to trustee process. See: National Shawmut Bank v. Waterville, 285 Mass. 252, 253 (1933), and Hooker v. McLennan, 236 Mass. 117, 118-20 (1920). To hold otherwise, moreover, would permit a city to disregard its contractual obligation to pay its contractors and to then claim, when sued, that it cannot be forced to provide security for payment because to do so would “in some degree . . . destroy the government itself.” Equity and fairness do not require such a result.
2. The defendants further argue that an attachment is inappropriate because the plaintiff has no reason to fear nonpayment by the City if a judgment is ultimately rendered against the City in this case. Such assurance, however, is belied by the City’s answer, which asserts, inter alia, that the allocation of City funds is discretionary so that the City cannot be compelled to pay a judgment rendered against it. The City’s willingness to pay is also rendered doubtful by its unwillingness to honor the judgment already entered against the School Department. It appears, therefore, that the plaintiff has no assurance of payment without the attachment.
3. The defendants next argue that an attachment should be denied because the plaintiff cannot show a likelihood of success on the merits because the arbitration award against the School Department is not binding on the City, which was not a party to the arbitration. The underlying contract with the School Department, however, was entered into pursuant to G.L.c 43, §29 which requires the City Manager’s signature on the contract, and the City Manager did, indeed, sign the contract. Defendants argue, however, that this case should not turn on c. 43, but instead on G.L.c. 251, which governs arbitrations, and that case law interpreting c. 251 holds that an arbitrator’s award is only enforceable against a party to the arbitration, so that the City cannot be bound by the award against the School Department. Specifically, defendants argue that ”[t]he plaintiff may regard the distinction between the City of Cambridge and the City of Cambridge School Committee and/or School Department ... as a legal fiction, but it is a legal fiction which must be respected ..."
The court does not agree. “Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different . . . and parties nominally different may be, in legal effect, the same.” Chicago, R.I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 620 (1926). In the present case, the distinction between the City and the City’s School Department, where both signed the underlying contract, must be placed in the latter category. As the Supreme Judicial Court stated over two hundred years ago, “We can never acquiesce in an attempt so manifestly calculated to evade the truth and justice of the case. Shall it be in the power if a party ... by employing the name of a trustee, to avoid the legal effect of a judgment rendered against him? It is plain that the parties are really, though not nominally, the same . . .” Calhoun’s Lessee v. Dunning, 4 U.S. 120, 121 (4 Dall., 1792).
Moreover, even were the court to accept the “legal fiction” proposed by the defendants, the City would still be bound by the arbitrator’s award. It is “[a] fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a ‘right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction... cannot be disputed in a subsequent suit between the same parties or their privies .. .’ ” Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 426-27 (1992) (citations omitted). Where applicable, avoiding the relitigation of issues and claims is required by public policy concerns. Bagley v. Moxley, 407 Mass. 633, 638-39 (1990). “Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and matters once tried shall be considered forever settled as between the parties.” Id. (citations omitted).
Additionally, it is well-settled that “a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.” Aerojet-Gen Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975) (citations omitted). See also, Chicago, R.I. & P. Ry. Co., supra; Southwest Airlines Co. v. Texas International *330 Airlines, 546 F.2d 84, 95 (5th Cir. 1977); Roche v. Roche, 22 Mass.App.Ct. 306, 309 (1986), and Morganelli v. Building Inspector of Canton, 7 Mass.App.Ct. 475 (1979).
In Morganelli, for example, the Massachusetts Appeals Court held that a zoning action which named the building inspector as a party would be equally binding on the unnamed municipality, and said: “It is not necessary to name the municipality as a party. [T]he enforcing officials are necessary parties to any such action . . . [and where] such officials are prosecuting or defending an action, the proceeding in substance is one by or against the municipality.” Id., at 482.
In deciding whether a party should be bound by an earlier proceeding to which it was not a named party, the Morganelli court indicated that it should be determined “whether that interest was represented [in the first proceeding], and whether there are special circumstances or due process considerations which make it unfair to bind the [party] to that judgment.” Id. at 481.[3]
In the present case, not only does it appear that the School Department defended itself to the fullest of its abilities, but the attorney who now represents both the City and the School Department in this present action, also represented the School Department in the arbitration proceedings. As the obligation arose from a single contract which both the City and School Department signed and which the city’s legal counsel defended, it is clear that the interests of the City and the School are identical and that they are in privity for purposes of collateral estoppel. In short, there are no equitable or due process concerns which make it unfair to have the City bound by the arbitrator’s award, and equity calls for precisely that result.
4. Finally, the defendants argue that, to the extent this court is required to examine the plaintiffs likelihood of success on the merits in deciding this motion, it should await a motion for summary judgment. This argument, however, is frivolous, as it would preclude not only attachments but also preliminary injunctive relief, which requires a finding of likelihood of success, in any case. See: Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980).
ORDER
For the reasons stated above, the plaintiffs motions for leave to amend his complaint, and for attachment on trustee process, are ALLOWED.

 The other sources cited by defendant indicate that funds already allocated for a particular purpose may not be attached, but the defendants have cited no case, nor is the court aware of any, that prohibits attachment of the city’s general revenue account.

 These factors are detailed further in Judge Wisdom’s opinion in Southwest Airlines Co., supra which is cited favorably in Morganell.