TUITE & SONS, INC., & another[1] *vs.* SHAWMUT BANK, N.A.

No. 95-P-1813.

Worcester. March 19, 1997. - November 5, 1997.

Present: KASS, GREENBERG, & FLANNERY, JJ.

*Res Judicata. Practice, Civil,* Dismissal.

The doctrine of claim preclusion was applicable to an action based on claims that were the subject of an earlier action between the same parties or their privies, and the plaintiff's assertion that each action sought different damages was not supported by the record. [753-754]

A voluntary stipulation of dismissal with prejudice in a civil action was binding on the parties and operated to bar subsequent litigation between them based on the same claims. [754-757]

CIVIL ACTION commenced in the Superior Court Department on February 22, 1994.

The case was heard by *Daniel F. Toomey,* J., on a motion for summary judgment.

*Richard T. Tucker* for the plaintiff.

*Dennis E. McKenna (Peter H. Sutton* with him) for the defendant.

FLANNERY, J. Plaintiffs, Tuite & Sons, Inc., and Charles F. Tuite (Tuite), brought this action against the defendant, Shawmut Bank (Shawmut), alleging breach of contract, misrepresentation, and violations of G. L. c. 93A, concerning Shawmut's alleged compromise of Tuite's outstanding loan obligations, which exceeded $600,000, for a lump sum payment of $450,000. After Tuite had paid some but not all of the $450,000, Shawmut assigned the underlying promissory notes to SKW Real Estate Limited Partnership (SKW), which then commenced an action to enforce Tuite's original obligations on the notes. Tuite, asserting breach of contract, misrepresentation, and violations of

---

[1]Charles F. Tuite.

c. 93A, counterclaimed against SKW and then filed the action now before us against Shawmut. Tuite and SKW settled SKW's claim for $550,000 and stipulated to a dismissal of their action, including Tuite's counterclaims, with prejudice. Concluding that the dismissal of the SKW action precluded Tuite's claim here, a Superior Court judge entered summary judgment for Shawmut. Tuite appeals. We affirm.

Viewed in the plaintiff's favor, the summary judgment record reveals the following facts. In January, 1989, Tuite signed and delivered to Shawmut a promissory note for $162,000 and a guaranty of that note. Tuite was already obligated to Shawmut under several other promissory notes. Tuite fell behind in his loan payments.

On April 9, 1993, Tuite met with Scott Schmitt, a loan officer at Shawmut, to work out his loan obligations which then exceeded $600,000. Shawmut offered to settle Tuite's outstanding obligations for a lump sum payment of $450,000. In a letter dated May 19, 1993, Shawmut notified Tuite that the offer would expire on Friday, May 28, 1993. On May 26 or 27, 1993, Tuite spoke with Schmitt about the impending deadline. According to Tuite, Schmitt told him that paying $4,033.29 in overdue interest would "appease his boss" and provide Tuite with "additional time" to obtain financing. On May 27, 1993, Shawmut received a check from Tuite for $4,033.29.

On June 24, 1993, before Tuite paid the remainder of the lump sum, Shawmut sold the notes to SKW. In December, 1993, SKW brought an action to enforce Tuite's obligations under the notes. Responding to SKW's complaint, Tuite answered by asserting, among other defenses, that SKW was the holder of the notes subject to all defenses Tuite had against Shawmut. Tuite also counterclaimed against SKW asserting counts for breach of contract, misrepresentation, and violations of G. L. c. 93A reiterating that SKW held the notes subject to all claims that Tuite had against Shawmut.

In February, 1994, Tuite filed the present action against Shawmut asserting counts for breach of contract, misrepresentation,[2] and violations of c. 93A. Several months later, after Tuite's attempt to enjoin SKW's foreclosure on Tuite's assets failed, Tuite and SKW settled SKW's claim for $550,000 and filed a

---

[2]A Superior Court judge dismissed the misrepresentation count, and it is not a part of this appeal.

"Stipulation of Dismissal With Prejudice." As part of the settlement, Tuite also signed and delivered to SKW a separate "Covenant Not to Sue," which purported to reserve Tuite's rights against Shawmut.

Shawmut then moved for summary judgment pursuant to Mass. R.Civ.P. 56, 365 Mass. 824 (1974). Concluding that the dismissal with prejudice in the SKW action was entitled to preclusive effect as matter of law, the motion judge allowed Shawmut's motion for summary judgment.

On appeal, Tuite asserts that: (1) because the action against Shawmut seeks damages the precise amount of which did not become known until after the SKW action was settled, the claims presented in the second action were different, and the dismissal of the SKW action with prejudice cannot preclude the Shawmut action; (2) the dismissal of the SKW action with prejudice should not bar the Shawmut action because it is not what Tuite and SKW intended; and (3) issue preclusion does not bar the Shawmut action because the court made no factual findings in the SKW litigation and none can be gleaned from the nature of the settlement. We consider each argument in turn.

1. *Nature of remedy.* The doctrine of claim preclusion "prohibits the maintenance of an action based on the same claim[s] that [were] the subject of an earlier action between the same parties or their privies." *Bagley* v. *Moxley*, 407 Mass. 633, 636 (1990). Tuite contends that claim preclusion should not bar this action because it involves claims different from those brought in the SKW action.[3] Specifically, Tuite argues that the damages he seeks here (the $100,000 difference between Shawmut's offer to settle the note for $450,000 and the SKW settlement for $550,000) were not incurred until Tuite settled the SKW action. Therefore, Tuite reasons, he could not have asserted his claim for $100,000 against Shawmut until after he had settled the SKW action. Thus, Tuite concludes, claim preclusion is inapplicable here.

As the motion judge noted, a party may not evade res judicata by seeking a different remedy or advancing a new theory of damages. *Mackintosh* v. *Chambers*, 285 Mass. 594, 596-597 (1934). *Karas* v. *Karas*, 294 Mass. 230 (1936). Restatement (Second) of Judgments § 25 & comment f (1982). 18 Wright &

---

[3]We assume, as Tuite has not ever argued otherwise, that SKW and Shawmut are privies with respect to all claims raised by Tuite.

Miller, Federal Practice and Procedure § 4408, at 64-65 (1981). Tuite attempts to avoid the application of this rule by arguing a distinction between the "affirmative damages" sought against Shawmut and the "offset" raised in defense against SKW and by asserting that res judicata's application here leads to a paradoxical result: Tuite should have brought his claim for damages resulting from the SKW settlement before the settlement was reached and the damages incurred. We are unpersuaded by either argument. However, because the second argument is unsupported by citation and is only set forth in a conclusory manner, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Cameron* v. *Carelli,* 39 Mass. App. Ct. 81, 85-86 (1995), we address the merits only of the first argument.

The record here does not support Tuite's assertion that each action seeks different damages. Tuite's counterclaim against SKW and his claim against Shawmut concern Shawmut's "breach of contract of the agreement or contract to accept [$450,000] as payoff of all obligations" of Tuite, and seek relief "in an amount equal to *all* damages sustained as a result of the . . . breach of contract" (emphasis supplied). Neither the counterclaim against SKW nor the complaint against Shawmut refers to affirmative damages or defensive damages raised in offset. Thus, as Shawmut contends, the gravamen of both actions is indistinguishable, and any post hoc effort to recast the damages sought is not enough to circumvent res judicata. *Bagley* v. *Moxley,* 407 Mass. at 638.

2. *Effect of the dismissal with prejudice.* Noting that a dismissal with prejudice is "an adjudication on the merits as fully and completely as if the order had been entered after trial," *Bagley* v. *Moxley,* 407 Mass. at 637, quoting from *Boyd* v. *Jamaica Plain Co-op. Bank,* 7 Mass. App. Ct. 153, 157-158 n.8 (1979), the motion judge concluded that the "Stipulation of Dismissal With Prejudice" in the SKW action "litigated to finality," see *Heacock* v. *Heacock,* 402 Mass. 21, 23 (1988), Tuite's claim for breach of contract and violations of c. 93A concerning the settlement of his obligations under the promissory notes. Accordingly, the judge concluded that the dismissal with prejudice of Tuite's counterclaims in the SKW action barred Tuite's action against Shawmut.

Tuite now contends essentially that: (1) because the dismissal with prejudice was entered voluntarily it cannot have preclusive effect, and (2) a review of the facts surrounding the dismissal

with prejudice establishes that neither Tuite nor SKW intended the dismissal with prejudice to bar the Shawmut action. Neither argument persuades us that the motion judge erred.

Tuite is correct that the stipulation of dismissal here was entered voluntarily. Such a dismissal is provided for in Mass.R. Civ.P. 41(a)(1)(ii), 365 Mass. 803 (1974), and its terms and conditions are within the discretion of the parties. See Smith & Zobel, Rules Practice § 41.2, at 46 (1977); 8 Moore's Federal Practice § 41.34(4)(d), at 41-115 (3d ed. 1997). Approval of the court is not required, and once filed, a stipulation of dismissal is treated as a judgment under Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). *Saint Louis* v. *Baystate Med. Center, Inc.*, 30 Mass. App. Ct. 393, 402 (1991). The stipulation's terms, however, bind the parties. See 8 Moore's Federal Practice, *supra*; 9 Wright & Miller, Federal Practice and Procedure § 2363, at 269-270 (1981). If the stipulation is made with prejudice, it can bar subsequent litigation regarding the same claim. See *Bagley* v. *Moxley*, 407 Mass. at 637; *Saint Louis* v. *Baystate Med. Center, Inc.*, *supra* at 402. See generally 8 Moore's Federal Practice, *supra* § 41.34(6)(c), at 41-119, and cases cited therein.

Except for stating that the dismissal is with prejudice, the stipulation of dismissal here[4] contains no terms or conditions. It does not refer to or incorporate the terms of the settlement agreement or the covenant not to sue. On its face then, it would appear to be the kind of dismissal with prejudice entitled to preclusive effect. See, e.g., *Bagley* v. *Moxley*, *supra* at 637.

Tuite, however, contends that the stipulation is only part of the picture. He urges us to look behind the stipulation to the settlement agreement and the accompanying covenant not to sue to determine the intent of the parties. This we cannot do on the record before us.

If Tuite did not intend the judgment resulting from the stipulation of dismissal to have preclusive effect, he could have moved under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), to set aside the judgment. *Griffin* v. *Westfield*, 35 Mass. App. Ct. 324, 328 & n.6 (1993). See 8 Moore's Federal Practice, *supra* § 41.34(6)(i), at 41-123-124. He did not. Although Shawmut filed its motion for summary judgment asserting the preclusive effect of the dismissal and the judge issued his memorandum and order grant-

---

[4]The stipulation provides: "Now comes [*sic*] the parties and stipulate that all claims and counterclaims in this action be dismissed with prejudice and without costs. All parties waive their rights of appeal."

ing summary judgment on that basis within one year of the dismissal of the SKW action, nothing in the record indicates that Tuite sought rule 60(b) relief. Absent that step, he may not now dispute the effect of the judgment. It is valid and final.[5]

This also is not a situation in which the settlement agreement — although not incorporated into the stipulation of dismissal — was entered on the record as a consent judgment thereby allowing us to look to the intent of the parties. *Cf. Pinshaw* v. *Metropolitan Dist. Commn.*, 402 Mass. 687, 697-698 n.14 (1988), citing 18 Wright & Miller, Federal Practice and Procedure § 4443 (1981). See generally 18 Moore's Federal Practice § 132.03(2)(ii), at 132-88 (3d ed. 1997). Nor is this a case which implicates the exceptions set forth in Restatement (Second) of Judgments § 26 (1982).[6]

Finally, although we agree with Tuite that a voluntary stipulation of dismissal with prejudice is not automatically entitled to

---

[5]We note, additionally, that no inequity results from the application of the doctrine of claim preclusion. Tuite had a full opportunity to litigate his claims of breach of contract and c. 93A violations against Shawmut's privy, SKW. It chose not to and settled the action for an amount less than what was owed on the notes. The threat of foreclosure on his property removed, Tuite seeks an additional opportunity to litigate his breach of contract and c. 93A claims, hoping to achieve a better result. It is this type of piecemeal litigation that the doctrine of claim preclusion is meant to prevent. *Heacock* v. *Heacock*, 402 Mass. at 24-25.

[6]Tuite's argument that the covenant not to sue expressed the parties' intent that the settlement of the SKW action would not bar the Shawmut action, can be interpreted as implicitly invoking the exception to claim preclusion set forth in Restatement (Second) of Judgments § 26(1)(a) (1982), which provides that:

> "When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant: (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein . . . ."

Beyond expressing Tuite's intent, the covenant cannot be read to express SKW's assent to the continuation of the Shawmut action. See Restatement (Second) of Judgments § 26(1)(a) & comment a. However, even if it could be so read, Tuite does not delineate how SKW's assent to or acquiescence in the covenant's language would bind Shawmut. And, absent meaningful citation to the record or relevant authorities, and more than conclusory argument setting forth Tuite's position, we do not consider this point further. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and *Cameron* v. *Carelli*, 39 Mass. App. Ct. at 85-86.

preclusive effect and that our case law calls for a thoughtful reading of the stipulation before determining its preclusive effect, we conclude and reiterate that there is nothing in the language of this stipulation of dismissal which renders the rule set forth in *Bagley* v. *Moxley*, 407 Mass. at 637, *Department of Revenue* v. *LaFratta*, 408 Mass. 688, 693 (1990), and *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. at 157 n.8, inapplicable here.

3. *Issue preclusion*. Because we conclude that the judge properly allowed Shawmut's motion for summary judgment on the basis of claim preclusion, we need not reach Tuite's argument concerning issue preclusion.

*Judgment affirmed.*