Garsh, J.
INTRODUCTION
The plaintiff filed this action pursuant to G.L.c. 271, §49 seeking to have a promissory note declared void as usurious. This matter is before the court on the parties’ cross-motions for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the plaintiff s motion for summary judgment is DENIED, and the defendant’s cross-motion for summary judgment is ALLOWED.
BACKGROUND
The following facts are undisputed.
On July 25, 1994, plaintiff Richard Blunsden ("Blunsden”) agreed to purchase a vacant 32,671 square foot parcel of land located oh Peckham Street in Attleboro, Massachusetts. In connection with this transaction, defendant Stuart Marks d/b/a SEM & Associates (“Marks”) agreed to lend Blunsden the principal sum of $27,000, which was later amended to $28,000. On November 25, 1994, Marks’s counsel wrote and mailed a letter notifying the Massachusetts Attorney General’s Office that Marks intended to grant a commercial mortgage to Blunsden in the amount of $27,000 and enclosing a copy of the proposed note and mortgage. According to a July 19, 2000 letter to plaintiff s counsel from the receptionist at the Criminal Bureau of the Attorney General’s office, her usury search revealed no filings from the years 1994 through 2000 on a transaction between Blunsden and Marks.
On November 28, 1994, Blunsden executed a promissory note in favor of Marks (the “Note”) that was secured by a mortgage on the Peckham Street property. The Note had a maturity date of March 28, 1995 and carried an interest rate of 18%. The Note required Blunsden to pay monthly installments of $420.00, representing interest only, beginning January 2, 1995. In addition, the Note provided for a late charge not to exceed 3% of each monthly payment that was more than fifteen days late. The Note further provided that should Marks have to place the loan in the hands of an attorney for collection, Blunsden would be responsible for all costs of collection, including “reasonable attorneys fees.”
In connection with the transaction closing, Blunsden paid a loan origination fee of $ 1,400.00 and a loan placement fee of $1,250.00. In addition, Blunsden paid a loan closing fee of $1,250.00 to his mortgage broker, Richard Nordlund, out of the proceeds borrowed from Marks.
The parties have stipulated that the total amount of interest and expenses incurred by Blunsden in connection with the Note exceeds 20%.
Blunsden made seventeen monthly payments over a period of twenty months and then stopped making further payments. On April 16, 1999, Marks commenced a collection action in the Attleboro District Court, Civil Action No. 9934CV 0257 (the “District Court action”) seeking damages for breach of contract. On January 13, 2000, the District Court entered a default against Blunsden for failure to appear. On January 27, Blunsden filed a motion to remove the default, alleging that he had a valid defense to the Note as reflected in his answer and counterclaim attached to the Motion to Remove Default. The answer alleged that the Note is void due to violation of the usury statute, G.L.c. 271, §49, and the counterclaim alleged that the usurious Note constituted an unfair and deceptive practice in violation of G.L.c. 93A. Following a hearing, the District Court denied Blunsden’s motion to remove the default on February 28. On May 1, 2000, Marks filed a motion for an assessment of damages, requesting principal and interest in the amount of $48,908.40 and attorneys fees in the amount of $7,321.41.
On May 8, 2000, Blunsden filed the present complaint in Superior Court seeking a declaration that the Note is void pursuant to G.L.c. 271, §49 and seeking to recover attorneys fees under Chapter 93A. On May 15, 2000, the District Court conducted a hearing on Marks’s motion for an assessment of damages. The District Court entered judgment against Blunsden on May 17, 2000 in the amount of $62,632.37,[2] and execution issued on August 7, 2000. Blunsden chose not appeal the District Court judgment and the denial of his motion to remove the default.
DISCUSSION
Blunsden moves for summary judgment on the ground that, as a matter of law, the Note is void because it violates General Laws Chapter 271, Section 49, which provides in, relevant part:
(a) Whoever in exchange for ... a loan of money. . . knowingly contracts for, charges, takes or receives, directly or indirectly, interest and expenses the aggregate of which exceeds an amount greater than twenty per centum per annum upon the sum loaned or the equivalent rate for a longer or shorter period, shall be guilty of criminal usury . . .
For the purposes of this section the amount to be paid upon any loan for interest and expenses shall include all sums paid or to be paid by or on behalf of the borrower for interest, brokerage, recording fees, commissions, services, extension of loans, forbearance to enforce payment, and all other sums charged against or paid to or to be paid by the borrower for making or securing directly or indirectly the loan, and shall include all such sums when paid by or on behalf of or charged against the borrower for or on account of making or securing the loan, directly or indirectly, to or by any person, other than the lender, if such payment or charge was known to the lender at the time of making the *320 loan, or might have been ascertained by reasonable inquiry . . .
(c) Any loan at a rate of interest proscribed under the provisions of paragraph (a) maybe declared void by the supreme judicial court or superior court in equity upon petition by the person to whom the loan was made.
Marks cross-moves for summary judgment on the ground that the District Court judgment constitutes res judicata with respect to the validity of the Note.[3]
The doctrine of res judicata, or claim preclusion, prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies. Bagley v. Moxley, 407 Mass. 633, 636 (1990); Tuite & Sons, Inc. v. Shawmut Bank, N.A., 43 Mass.App.Ct. 751, 753 (1997). The doctrine of claim preclusion makes a valid, final judgment conclusive on all parties and bars further litigation of all matters that were or could have been adjudicated in the earlier action. Bagley v. Moxley, 407 Mass. at 637; Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. 444, 449 (1982).[4] Res judicata rests on considerations of fairness and efficient judicial administration, which dictate that an opposing party in a particular action, as well as the court, is entitled to be free from continuing attempts to relitigate the same claim. Bagley v. Moxley, 407 Mass. at 638. In addition, by preventing inconsistent judgments, res judicata encourages reliance on adjudication. Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. at 449.
Blunsden contends that res judicata does not preclude this action because the District Court lacked jurisdiction to declare the Note void. Although it is true that, under G.L.c. 271, §49(c), the authority to hear a petition in equity to declare a loan void rests only in the Supreme Judicial Court and Superior Court, the District Court nevertheless may determine whether a note is void in the context of an action seeking to enforce the note. The District Court could not have declared the loan void upon petition by Blunsden, but Blunsden was able to raise a violation of G.L.c.'271, §49 as a complete defense to liability on the Note in the collection action brought by Marks.[5] A defendant in the District Court “may allege in defense any facts which would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff s claim or cause of action or against a judgment recovered by the plaintiff in such action.” G.L.c. 231, §31. Thus, the doctrine of claim preclusion bars Blunsden from relitigating the validity of the Note under G.L.c. 271, §49, because the defense of usury could have been adjudicated in the earlier action. See Bagley v. Moxley, 407 Mass. at 637; Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. at 449. See also Restatement (Second) of Judgments §18(2) & illustr. 4 (1982) (stating that in an action upon an earlier judgment, the defendant cannot avail himself of defenses he might have interposed in the first action). Compare Bowen, Inc. v. G.R. Armstrong Manufacturers' Supplies, Inc., 241 Mass. 444, 448 (1922) (concluding that a prior Municipal Court action by a seller for goods had and received did not bar the buyer from bringing a later action for negligence, since negligence was not a defense to and could not have been asserted in the prior action).
The fact that the judgment in the District Court entered by default is of no consequence in applying the doctrine of res judicata.[6] There is no distinction between a case in which the original action was tried and one in which the original defendant, after due service upon him, permitted judgment to enter against him by default, as he had the opportunity to assert and establish his defenses in the prior action, if he had appeared. MacEachern v. S.S. White Dental Manufacturing Co., 304 Mass. 419, 421 (1939) (concludingthat a party who failed to raise a payment defense in an earlier action for goods sold and received, which resulted in a default judgment against him, could not raise the defense through a writ of error). To allow Blunsden now to assert the illegality of the Note through a petition under G.L.c. 271, §49 would be to give any defendant in an action seeking damages on a note the option of not defending the action against him, allowing a default to enter, and then later litigating his defenses in the posture of an affirmative action, thereby subverting the default judgment. See MacEachern v. S.S. White Dental Manufacturing Co., 304 Mass. at 421. Compare Tuite & Sons, Inc. v. Shawmut Bank, N.A., 43 Mass.App.Ct. at 753 (noting that a party may not evade res judicata simply by seeking a different remedy).
In sum, the valid, final default judgment in the District Court action is conclusive on the issue of the validity of the Note, and Blunsden is barred by the doctrine of res judicata from petitioning this Court to have the Note voided as usurious under G.L.c. 271, §49. Marks is entitled to judgment as a matter of law on Count I of Blunsden’s complaint.
Marks also moves for summary judgment on the ground that res judicata precludes Blunsden’s claim that the making of a usurious loan was unfair and deceptive in violation of Chapter 93A. “A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of a judgment in that action, from maintaining an action on the claim if the counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court.” Restatement (Second) of Judgments §22(2)(a) (1982). Massachusetts Rule of Civil Procedure 13(a) provides, with certain exceptions not relevant here, that a pleading shall state as a counterclaim any claim the pleader has against an opposing party that arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim. The purpose of the compulsory counterclaim rule is to *321 prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. Potter v. A.W. Perry, Inc., 286 Mass. 602, 608 (1934).
Blunsden’s Chapter 93A claim arises out of the Note that was the subject matter of Marks’s collection claim in the District Court. Accordingly, Blunsden was required to interpose his Chapter 93A claim as a compulsory counterclaim in the District Court action. Res judicata bars relitigation of matters which could have been litigated in the. prior action, and the District Court had jurisdiction to decide Blunsden’s Chapter 93A counterclaim. See G.L.c. 93A, §§9(3A), 11. Thus, because a final, valid default judgment entered against Blunsden in the District Court, the doctrine of res judicata precludes him from attempting to litigate the Chapter 93A claim in this Court. Marks is therefore entitled to judgment as a matter of law on Count II of Blunsden’s complaint.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment be DENIED and the defendant’s cross-motion for summary judgment be ALLOWED.

 The judgment was comprised of $48,809.40 in damages, $6,361.48 in prejudgment interest, $140.08 in costs, and $7,321.41 in attorneys fees.

 Alternatively, Marks moves for summary judgment on the ground that he complied with the notification requirement of the statute, which provides that it is not criminal usury if the lender “notifies the attorney general of his intent to engage in [such a] transaction ... providing any such person maintains records of any such transaction.” G.L.c. 271, §49(d). The summary judgment record does hot permit judgment to be awarded to Marks on this basis. To be relieved of liability under G.L.c. 271, §49{d), the requisite notification must be on file with the Attorney General when the loan proceeds are distributed. Hakim Enterprises, Inc. v. R. Dennis Reinhardt, 30 Mass.App.Ct. 911, 911 (1991); Levites v. Chipman, 30 Mass.App.Ct. 356, 362, rev. den., 410 Mass. 1102 (1991). Marks has not demonstrated that his letter was on file. Although the mailing of a letter, properly addressed and postpaid, constitutes prima facie evidence of delivery to the addressee in the ordinary course of mail, as soon as evidence is introduced that warrants a finding that the letter failed to reach its destination, the evidence of non-delivery has to be weighed against the likelihood that the mall service was efficient in the particular instance, presenting a pure question of fact. Hobart-Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 508, 509 (1939). Furthermore, proof of receipt in “the ordinary course” of the mails is not equivalent to proof that the Attorney General actually received it on a specific, subsequent date.

 In contrast, the more narrow doctrine of collateral estoppel, or issue preclusion, prevents relitigation by the parties or their privies of any issue which was actually litigated and necessary to the final judgment in an earlier action. Bagley v. Moxley, 407 Mass. at 637. See McSorley v. Hancock, 11 Mass.App.Ct. 563, 565 (1981) (comparing the doctrines of claim preclusion and issue preclusion).

 In addition, the District Court could have considered the usury issue in the context of assessing damages. Pursuant to Mass.R.Civ.P. 55(b), the result of Blunsden’s default was to establish his liability by accepting all the factual allegations of Marks’s complaint as true. Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834-35 (1978); Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass.App.Ct. 667. 670-71 (2001). A default does not operate as an absolute confession of the plaintiffs right to recover, however, and the court in assessing damages may consider whether the unchallenged facts state a legitimate claim for relief. Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. at 835-36; Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass.App.Ct. at 671. Moreover, even if the District Court concluded that the Note should not be deemed void and that Marks was entitled to recover some damages under the Note, at the assessment hearing, the Court nevertheless could have declined to award attorneys fees on the ground that the Note provided for “reasonable attorneys fees” and, to the extent that such fees would cause the aggregate interest and expenses on the loan to exceed the statutory rate of 20%, such fees would not be reasonable. Construing the term “reasonable” in the Note to preclude awarding fees that would cause the Note to be usurious would not constitute equitable reformation of the Note, which is beyond the District Court’s jurisdiction. Compare Begelfer v. Najartan, 381 Mass. 177, 187 (1980).

 In contrast, a default judgment for failure to appear generally does not have preclusive effect under the doctrine of collateral estoppel, or issue preclusion, because none of the issues is actually litigated or decided. Treglia v. MacDonald, 430 Mass. 237, 241-42 (1999).