ANDERSON INSULATION COMPANY, INC. *vs.* DEPARTMENT OF PUBLIC HEALTH. No. 02-P-1459. August 20, 2004. *Public Health,* Hazardous substance. *Hazardous Materials. Judgment,* Preclusive effect. *Practice, Civil,* Counterclaim and cross-claim.

This is the latest in a series of cases in which Anderson Insulation Company, Inc. (Anderson), a former installer of urea formaldehyde foam insulation (UFFI), challenged its obligations under certificates of repurchase issued to various homeowners pursuant to regulations promulgated by the Department of Public Health (department).[1] The department's UFFI Trust Fund paid for

---

[1]Anderson has litigated the issue of repayment of the removal costs to the department in four earlier cases, including *Borden, Inc.* v. *Commissioner of Pub. Health*, 388 Mass. 707 (1983), cert. denied sub nom. *Formaldehyde Inst., Inc.* v. *Frechette*, 464 U.S. 936 (1983) (in which Anderson was a plaintiff); *Anderson Insulation Co.* v. *Department of Pub. Health*, 39 Mass. App. Ct. 1118 (1995); *Anderson Insulation Co.* v. *Department of*

the removal of the UFFI from the owners' homes and the homeowners assigned their rights to the department. Anderson sought judicial review in Superior Court of the department's final administrative decisions. Anderson now appeals from a judgment affirming the department's decisions.

In this, Anderson's fifth appeal, Anderson seeks to avoid its obligations under three of the thirty-two repurchase certificates at issue in *Anderson Insulation Co. v. Department of Pub. Health*, 48 Mass. App. Ct. 80 (1999). In that case, we affirmed the Superior Court judgments "affirming the repurchase decisions of [the department] and . . . declaring that the right to repurchase certificates are valid and binding on [Anderson]." *Id.* at 86.

Anderson claims that the department failed to present evidence at the administrative hearing that it met the requirements of various regulations governing the bidding process and the removal of the UFFI and that this failure precludes the department from recovering the cost of removal. This challenge to the issuance of the certificates was a claim that was capable of being, and should have been, raised in *Anderson Insulation Co. v. Department of Pub. Health*, 47 Mass. App. Ct. 1107 (1999), in which the department's administrative proceedings and its alleged failure to adhere to its regulations were attacked. See *Bagley v. Moxley*, 407 Mass. 633, 638 (1990) ("Claim preclusion applies 'even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim.' *Heacock v. Heacock*, [402 Mass. 21,] 23 [1988]").

Anderson also argues that the Superior Court's imposition of "damages" in the amount of the removal costs was erroneous because the department did not assert what Anderson deems to be a compulsory counterclaim, and thus, Anderson argues, the department may not recover the reasonable costs of removal of the UFFI incurred by the three homeowners. This argument is without merit.

Notification of the issuance of the certificates of repurchase to homeowners, including those involved in this appeal, was sent to Anderson, along with notice that "[t]he issuance of this [c]ertificate is a final agency decision subject to judicial review under [G. L. c.] 30A." The issuance by the department of the certificates of repurchase constituted a determination that Anderson was liable for the removal of UFFI and was obligated to reimburse the department the amounts the department had paid from the UFFI Trust Fund to the homeowners. No counterclaim to establish the amounts to be paid was necessary or required.[2]

Accordingly, the department is entitled to the reasonable costs of removal of the UFFI in the amounts set forth in the judgment.

*Amended judgment affirmed.*

*Robert H. Greene* for the plaintiff.

*John E. Bowman, Jr.*, Assistant Attorney General, for the defendant.

---

Pub. Health, 47 Mass. App. Ct. 1107 (1999); and *Anderson Insulation Co. v. Department of Pub. Health*, 48 Mass. App. Ct. 80 (1999).

[2]The fact that the department has in other actions filed counterclaims seeking the payment of these costs is not controlling and does not render such counterclaims "compulsory."