Connor, J.
This case had its origins in a Middlesex Superior Court case (No. 2001-2061) which involved a claim brought by a subcontractor, Crane/Regan Services, L.L.C. (“Crane”) for payment of services rendered on several job sites. It sued its subcontracting party, Ironhorse Iron & Steel, Inc. (“Ironhorse”) as well as others in the chain of contracts back to the owners of the sites. One of the defendants, subcontractor M.P. Flaherty & Associates, Inc. (“Flaherty”) filed a cross-claim for contribution against Ironhorse. For failing to file answers to these claims, default judgments entered against Iron-horse in the amount of $38,752.32 on Crane’s claim and in the amount of $35,782.71 on Flaherty’s claim. At the hearing on Flaherty’s motion for default judgment, Ironhorse’s motion for leave to file a cross-claim against Flaherty was denied. Ironhorse appealed the decision with respect to the default judgment on Flaherty’s cross-claim and the denial of its cross-claim against Flaherty. In a rescript opinion, 02-P-1118, the Appeals Court affirmed the Superior Court judgment.
While these cases were still in Middlesex Superior Court, Crane settled with the other defendants and dismissed those claims with prejudice.
This brings me to the present case filed subsequent to the entry of the default judgments against Ironhorse and Crane’s stipulation of dismissal. Ironhorse, through a duly appointed receiver, has brought this action against the owner of one of the job sites involved in the original suit (Condyne/Taunton, L.L.C. (“Con-dyne”) and the lessee of the site Condyne/Taunton Freezers, Inc. (“Condyne/Taunton”) as well as the general contractor on those jobs Dacon Corporation (“Dacon”) and Flaherty. With the exception of Con-dyne/Taunton the defendants were all defendants in the prior action. All the defendant joined in motions to dismiss the plaintiffs present action based on the theory of claim preclusion resulting from the disposition of the Middlesex case.
Ironhorse, through its receiver, is seeking damages against all the defendants which include, but are not limited, to the $38,752.32 it was adjudged to pay either to Crane or as a contribution to Flaherty. All the alleged damages arise out of the services it supplied on construction sites that were described in the Middlesex suit.
The defendants all claim that this is simply a matter of “res judicata” referencing the age old doctrine that “a judgment in one action has a binding affect in another.” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). This doctrine applies to both claim preclusion and issue preclusion (traditionally known as collateral estoppel). Bagley v. Moxley, 407 Mass. 633, 637 (1990). The defendants rely principally on claim preclusion which “makes a valid final judgment conclusive on the parties and their privies and bars further litigation on all matters that were or should have been adjudicated in the action.” Heacock v. Heacok, supra at 23.
In the Middlesex case Ironhorse did not face a claim made against it by any of the co-defendants in this case except Flaherty and it was under no compulsion to file a cross-claim against them. Rules of Practice, Zobel, M.P.S. Volume 6, Section 13.26. Further, if its potential claim was for contribution, the claim would have been technically premature until or unless a judgment entered against it on the Crane claim.
Flaherty is in a somewhat different position. In the Middlesex case it pursued a cross-claim for contribution against Ironhorse. It could be argued that Mass.R.Civ.P. 13(a) at that point required Ironhorse to bring a cross-claim (compulsoiy counterclaim) against Flaherty. Ironhorse attempted to do so without success. At the same time the default judgment entered against it on Flaherty’s claim. Ironhorse’s motion to file a cross-claim was denied.
The critical aspect of the Middlesex decision on the claims between Ironhorse and Flaherty is that one of the requirements of issue and claim preclusion was not met. There was no adjudication on the merits. Bagley v. Moxley, supra at 657. In Treglia v. McDonald, 430 Mass. 237, 242 (1999), the court held that a default judgment in which the only hearing was on an assessment of damages and in which defense counsel filed an appearance, but no answer, did not amount to actual litigation of the issues. In such a case, which is similar to the present case, the defendant is not estopped from “litigating the substantive elements underlying the default judgment” in a substantive action. Id. at 237.
In summation, the Motions to Dismiss are denied because Ironhorse:
1. was never a party to litigation with Con-dyne/Taunton;
2. is not estopped by the default judgment from litigating the merits of the claim against Flaherty;
*268 3. was not required to file cross-claims against the other defendants in the prior litigation.

ORDER

The defendant’s motions to dismiss are denied.