Curran, Dennis J., J.
Introduction
Domenic Ciambriello, Jr. has sued his sister, Joanne, over the ownership of a burial chamber in a mausoleum at The Woodlawn Cemetery in Everett, Massachusetts.
Their father, Domenic Ciambriello, Sr. and mother, Theresa, bought a burial plot in the cemetery. Theresa died in 1999, and Domenic in 2000. Both parents were interred in the family mausoleum, leaving one vacant burial chamber. After their deaths, the only heirs at law are their two children, Domenic, Jr. and Joanne. The former has expressed an intense desire to occupy the burial chamber — albeit after his death; he claims that Joanne has no such interest.
Considerable acrimony and resultant litigation has arisen between these two adult children preventing the resolution of issues large and small between them.
Domenic now seeks declaratory relief under G.L.c. 231A as to the parties’ rights over this remaining burial chamber. Joanne has countered with a motion to dismiss, alleging that her brother’s suit is barred by claim and issue preclusion since the ownership of the burial plot has been previously addressed by two other courts: in 2007 by the Middlesex Probate Court in Estate of Domenic Ciambriello, Sr., Docket No.: 02P-1420, and in 2008 by the Land Court in Domenic Ciambriello, Jr. v. Joanne Altieri, Docket No.: 364245 (HMG).

I. PRIOR COURT PROCEEDING— THE PROBATE COURT

The court-appointed administrator of the estate of Domenic Ciambriello, Sr. listed the burial plot and Domenic, Jr. and Joanne as its tenants in common in the estate’s First and Final Accounting.
Domenic had requested that the administrator resolve the issue of the burial plot, but he declined, advising him that any non-personal property issues “... were to be initiated by either heir at law. ” Domenic never did so in the Probate Court proceeding. Instead, he assented to the First and Final Account and in so doing, closed the estate, thereby waiving his right to a determination as to the burial plot. Even Domenic’s own attorney[1] conceded the point at oral argument on the defendant’s motion.
If a claim was capable of being raised, but a party chose not to do so, the issue is precluded from being raised in a later judicial proceeding. Bagley v. Moxley, 407 Mass. 633, 636 (1990).

II. PRIOR COURT PROCEEDING— THE LAND COURT

The next year, Domenic, Jr. filed an action in the Land Court to partition the burial plot, asserting an individual ownership interest. He petitioned the Court to sell the plot by public or private means. A Land Court judge rejected this request and dismissed Domenic’s complaint for failure to state a claim upon which relief can be granted. He relied on the clear language of the relevant statute, G.L.c. 114, section 29, that “(l]ots in cemeteries . . . shall be held indivisible . . .” and further, “. . . [the children shall have in common the possession, care and control of such lots . . .].” Accordingly, judgment entered, dismissing Domenic’s Petition.
The issue of ownership was addressed in the Land Court and found wanting, from Domenic’s perspective. But that ought not permit Domenic from relitigating what he could have raised, but chose not to or that which has already been determined.
As the Supreme Judicial Court declared in Bagley:
The doctrine [] of res judicata . . . [is] most important in assuring that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action. . . . Application of the doctrine may serve to “relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.”
Bagley at 636-37, quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).

ORDER

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief can be granted; judgment shall enter forthwith for the defendant Joanne Altieri.

Present counsel did not represent Domenic in the Probate Court matter.